THE COUNTY OF ROCK ISLAND, Plaintiff in Error, v. THE COUNTY OF MERCER, Defendant in Error.

### AGREED CASE FROM ROCK ISLAND.

Where money is deposited with a sheriff, as security for the appearance of a prisoner, who makes default, it is proper to treat the money as if it had been recovered on a recognizance.

Where the venue in a criminal case is changed, the county to which the venue is changed, is entitled to the moneys recovered, by fines and forfeitures.

THIS cause was submitted upon the following agreed case :

At August term of the Circuit Court of Mercer county, an indictment was presented by the grand jury, and filed, against Wallace Hatch and others, for burglary, committed in said Mercer county; on which the defendants therein were, at said term, arraigned, and severally pleaded not guilty, and at the same term entered their motion for a change of venue; which motion was allowed, and the venue changed to Rock Island county, at the same term, and the sheriff of Mercer county was ordered to remove the bodies of the defendants to Rock Island county, and deliver them to the common jailor of said Rock Island county; and also, by the proper order and indorsement upon the indictment, the amount in which the defendants were required to find bail was fixed by the court at $1,500 each.

In pursuance of the order, the papers and transcript of proceedings in said cause, were, on the 6th of November, 1856, filed in Rock Island Circuit Court, and the bodies of the defendants were delivered to the custody of T. B. Gorton, sheriff, and keeper of the common jail of Rock Island county, who detained defendant Hatch until he deposited with said sheriff $1,500, in lieu of bond and security, to be held by the said sheriff as security for the appearance of said Hatch on the first day of the next term of said Rock Island Circuit Court, at the court-house in Rock Island county, November 5th, A. D. 1856, and to be forfeited upon his default therein.

On the seventh day of the November term, 1856, of the Rock Island Circuit Court, the said cause of *The People* v. *Hatch and others*, came on for trial; and defendant Hatch, being called, came not, but made default. Thereupon the said court made and entered an order in said cause in these words: " This day came the People, by Hawley, their attorney, and the defendant, Hatch, being duly called, came not, but made default; and the sheriff represented that defendant, Hatch, had deposited with him $1,500, in lieu of giving bond and security for his

County of Rock Island *v.* County of Mercer.

appearance at this term of the court; and the sheriff having signified his readiness to pay the same as should be directed by the court, it is therefore ordered by the court, that the sheriff pay to the clerk of this court, the said sum of $1,500, so deposited."

And the sheriff afterwards paid to the clerk of said court, the said sum of $1,500. And at the next term of the County Court of said Rock Island county, the said clerk paid over the said $1,500, which sum was received by said court, and deposited in the treasury of said last-named county; that Rock Island has paid out of said moneys, as costs in said matter, $100 for collection thereof.

Upon the above state of facts, the county of Mercer claims to recover, of the county of Rock Island, the said sum of $1,500.

It is agreed that all objections for matter of form, or for any irregularities, shall be considered as waived; that the same shall be decided upon the merits, by the Circuit Court of Rock Island county (without a jury) upon the facts above stated; and in case the court should be of the opinion that the county of Mercer, or any officer thereof, is entitled to said moneys, judgment should be entered therefor in favor of plaintiff; but in case the court should be of opinion that Rock Island county, or any officer thereof, is entitled to said moneys, judgment shall be entered in favor of defendants. And that either party may have the case certified to the Supreme Court, as an agreed case. January 18th, 1859.

At May term, 1859, of Rock Island Circuit Court, the cause was heard by the court, and damages assessed, and judgment entered in favor of the plaintiff, for $1,400, and costs; execution awarded.

R. M. MARSHALL, and J. B. HAWLEY, for Plaintiff.

WILKINSON & PLEASANTS, and BASSETT & BROTHER, for Defendant.

CATON, C. J. We think the Circuit Court properly treated the money in controversy as if it had been recovered upon a recognizance taken for the appearance of the prisoner, by whom it was deposited with the sheriff, and the only important question in the case is, to which county the money thus collected belongs.

The statute imposes upon the county from which a venue is changed, in a criminal case, the expenses of the prosecution in the county where it is tried. By the law of 1847, it is pro-

vided that, in case of recognizance growing out of a change of venue, the county that, by law, is compelled to bear the expenses of the prosecution, shall be entitled to all moneys arising out of any fines, penalties or forfeitures. We have no doubt that the prosecution here referred to, is the prosecution of the criminal charge, and not the prosecution on the recognizance, as was contended for the plaintiff in error. By this law, Mercer county was entitled to this money, and the only remaining question is, whether this provision was intended to be repealed by the school law of 1855. The eighty-fifth section of that act provides that all penalties, fines and forfeitures imposed or incurred, either in Circuit Courts or before justices of the peace, shall be paid to the school fund. This statute was not designed to change the former law determining which county should pay the costs of the prosecution in cases of a change of venue, nor that which determined· to which county the fines and forfeitures should be paid ; but the sole object was to divert the money so collected from the county treasury, to the school fund of the same county. We have no doubt that the determination of the Circuit Court was proper, and its judgment correct, and it must be affirmed ; but an order was no doubt inadvertently entered, directing an execution to issue. While the judgment is affirmed, this order for an execution must be set aside.

*Judgment affirmed.*