CHIEF JUSTICE PETERS
delivered the opinion oe the court:
It appears, from the transcript of the record before us, that one George Wolston, alias George Russell, was, by virtue of a warrant issued by the police judge of Paducah, arrested under a charge of felony. But where, or before whom, he was taken, or what disposition was made of him, after his arrest by the peace officer, was not stated. No minutes of any examination of the charge against him are furnished; nor is there any order or judgment of an examining court for holding said Wolston, alias Russell, for trial in the McCracken circuit court. A memorandum or statement is made by “James Berry, C. C. P.,” as follows: “ In default of bail in the sum of five hundred dollars, the defendant is remanded to jail.”
But in the order of commitment it is recited that said Wolston, alias Russell, was held, by the city court of Paducah, sitting as an examining court, for trial in the circuit court, on the charge of felony, and allowed to give bail in the sum of seven hundred dollars, for default of which he is committed to jail.
It certainly was the duty of the examining court, before whom the defendant was taken, if he was tried, to make minutes of his proceedings, and enter, in the form of a judgment, his conclusions at the close of the trial.
By section 84, Criminal Code, whenever a defendant is admitted to bail in a specified sum, he may deposit the sum with the trustee of the jury fund of the county in which the trial is directed to be had, and take from the trustee a certificate of such deposit; upon delivering which to the officer in whose custody he is, he shall be discharged.
If there had been minutes or memoranda kept by the officer forming the examining court, furnishing record *22 evidence of his proceedings, and an order in the form of a judgment, the deposit of the money would have authorized the discharge of the defendant; and his failure to appear in court, when his presence was lawfully required, and the fact noted on the record, would operate as a for-feiture of the money deposited in lieu of bail. Is not the statement in the order for commitment sufficient? We think that, with the fact that bail was required, and, in default thereof, the defendant was ordered to jail, appearing in the record, are sufficient.
Mrs. Wolston, who made Smedley her agent, could have deposited the money with the trustee of the jury fund; and that it remained in the hands of her agent five days after the defendant was discharged worked no injury to her or to the defendant, and she cannot complain if there was any omission of duty, as it was her own or that of her agent.
The judgment is affirmed.