50    195
202   ¹298

## JAMES J. SMART

### v.

## WILLIAM C. CASON.

1. BAIL—*in criminal cases—how to be taken.* The statute has not authorized a sheriff to receive money or property for his indemnity, to the amount of the bail and in lieu of it, and discharge a prisoner. A recognizance with good and sufficient sureties, must be signed by the accused at the time of his discharge.

2. ILLEGAL DISCHARGE—*money deposited for, cannot be recovered back—depositor party to a misdemeanor.* It is a flagrant violation of duty for a sheriff or jailor, to discharge a prisoner except by legal requirement. The acceptance of money to procure the discharge of a prisoner is illegal—is in violation of sec. 101 of the Criminal Code—and the depositor is *particeps criminis*, having contributed to a wrongful discharge, and thus assisted in obstructing justice, and has no right to recover back the money.

3. STATUTE—*23 Henry VI, chap. 9—explained.* That statute applies only to civil cases. Under that act, the discharge of a prisoner without authority of law, was not a misdemeanor—it simply made the sheriff liable for the debt for which the prisoner was arrested.

4. *Semble,* notwithstanding a sheriff acted without authority, in receiving money in lieu of bail, it should be paid into the county treasury precisely as if collected on a recognizance, and be applied in the manner required as to such moneys.

WRIT OF ERROR to the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The facts in this case are fully presented in the opinion.

Messrs. SKINNER & MARSH, for the plaintiff in error.

Mr. W. BUSHNELL, Attorney General, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that on the 23d day of March, 1865, one David C. Smart was confined in the common jail of Hancock county, under an indictment for larceny; that plaintiff in error placed in the hands of William L. Simons the sum of $800, and procured the enlargement of David C. Smart; that defendant in error was the sheriff of Hancock county, and Simons was his deputy. The terms upon which he was released, appear from a written instrument executed by plaintiff in error at the time David C. Smart was released from custody. The agreement recites that plaintiff in error had that day deposited with defendant in error that sum of money, for the use of the people, and if default should be made, to be forfeited to the people. The condition annexed to the agreement was in all respects similar to the condition of a recognizance of bail, for the appearance of David C. Smart, to answer a charge of larceny, at the next term of the court, and provided that if David C. Smart should appear, according to the condition, to answer the charge of larceny, then the money was to be returned to plaintiff in error; but if he should make default, then the money should be absolutely forfeited to the people, and considered and treated as if collected under a judgment upon a forfeited recognizance. The agreement was signed by plaintiff in error.

A few days after the money was placed in the hands of the deputy sheriff, he handed it to the defendant in error, who was still the sheriff of Hancock county; and about a week after the money was given to Simons, plaintiff in error tendered to defendant in error a bond, signed by himself and three other persons, but the sheriff refused to receive it and return the money, unless David C. Smart should surrender himself as a prisoner, or should be present and execute the bond, with good security. Simons testified that it was understood, at the time the money was paid to him, that plaintiff in error should have his money back if he would deliver a good

bond for the appearance of David C. Smart at the next term. On this evidence the court below found the issues for the defendant, and rendered judgment against plaintiff for costs, to reverse which he prosecutes this writ of error.

It is insisted, on behalf of plaintiff in error, that this money was received by the sheriff by color of his office, and that he is not entitled to retain it.

The statute has not authorized the sheriff to receive money to the amount of the bail, and discharge a prisoner in his custody. The 175th section of the Criminal Code of our State, declares, that it shall be the duty of the circuit court in which an indictment is found, to fix bail for bailable offenses, and authorizes and requires the officer, when he arrests the accused, to admit him to bail, with good and sufficient sureties, and it gives the condition of the recognizance, and requires the accused to sign it.

There is no pretense that the accused in this case was under arrest by virtue of a *capias* issued by the clerk, on the indictment, but he was in jail at the time he was indicted. Even if the sheriff had authority to take bail, none was offered that he was bound to accept, as the accused had not signed the bail bond, and it was incomplete until it was thus executed. Thus it appears this provision of the statute does not empower the sheriff or jailor to receive a deposit of money or property for his indemnity, and in lieu of bail.

Then it follows that the act is unauthorized and illegal, and if so, the sheriff has wrongfully become possessed of this money, and plaintiff in error is entitled to recover it back unless he is *in pari delicto*. That it is a flagrant violation of the duty of a sheriff or jailor to discharge a prisoner committed to his custody under proper authority, unless it be by legal requirement, there can be no question. And should a sheriff receive a bribe for the purpose, he would no doubt render himself liable to indictment and punishment under the criminal code; or where the sheriff willfully, or from ignorance of his duty, unlawfully discharges a prisoner indicted for crime.

Section 101 of the Criminal Code declares that if any sheriff, coroner, jailor, keeper of a prison, constable, or other officer or person whomsoever, having any prisoner in his legal custody, before conviction, shall voluntarily permit or suffer such prisoner to escape or go at large, every such officer or person so offending, shall, on conviction, be fined in any sum not exceeding $1000, and imprisoned in the county jail not exceeding six months.

It is apparent, that the receipt of this money for the purposes shown by the evidence, was illegal, and that it did not warrant the discharge of the prisoner; and if that was not authorized, it was in violation of section 101 of the Criminal Code, and if so, then plaintiff in error was *particeps criminis.* There is no rule of law more firmly established, than that a party who gives or pays money to induce another to commit a crime or misdemeanor, being a party to it, cannot recover it back. Although this money was not paid as a bribe, it was left as an indemnity to the sheriff to procure the release of the prisoner, and plaintiff in error thereby contributed to the breach of the law, and from the evidence in the case, to a violation of the criminal code. It then follows, that as plaintiff in error contributed to the wrongful discharge of the prisoner, and has thus assisted in obstructing justice, he has no right to recover this money back from defendant in error.

The cases referred to by counsel for plaintiff in error, so far as they hold obligations taken by sheriffs and other officers for ease and favor to prisoners, to be void, so far as we can see, arose, under the 23 Hen. VI. chap. 9. It will be seen by a reference to that act, that it only applies to bail in civil cases. A release or discharge of a prisoner, without authority of law, under that act, was not a misdemeanor, but simply rendered the sheriff or jailor liable for the debt for which the prisoner had been arrested. Such being the case, if a prisoner gave an obligation or paid money to procure his discharge, it might perhaps be held that he was not *in pari delicto.* But there is a broad distinction between such cases and that under consideration.

The authorities referred to, therefore, have no application to this case.

In the case of *Rock Island County* v. *Mercer County*, 24 Ill. 35, where a prisoner deposited the amount of his bail in money with the sheriff, in lieu of giving a recognizance, and failed to appear and stand a trial, and the question arose as to whether the county in which the prisoner was indicted, or the county to which the cause was taken on a change of venue, the sheriff of which had received the money, was entitled thereto, it was held that the former county was entitled to hold it. Thus it appears, that notwithstanding the sheriff had acted without authority in receiving the money and discharging the prisoner, and although he paid it into the treasury of his county, it was held that the money belonged to the former county, and it was permitted to recover from the latter as for money had and received for its use. So, in this case, the money, no doubt, should be paid into the county treasury precisely as if it had been collected on a recognizance, and there to be applied in the manner required as to money collected on recognizances.

The judgment is affirmed.

*Judgment affirmed.*