WASHINGTON COUNTY v. STATE, USE BENTON COUNTY.

1. FINES AND FORFEITURES: *Who entitled to, where change of venue.*

Where there is a change of venue, in a criminal case, from one county to another, the forfeiture of a bail bond for the defendant's appearance in the latter county, or a fine imposed in that county, belongs to the county in which the offense was committed and the indictment found.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN Circuit Judge.

*L. Gregg* for appellant.

Washington County v. State, use Benton County.

Fines, forfeitures, &c., are payable into the treasury of the county *where imposed* or *where the conviction is had.* *Sec. 1, Act Dec. 14, 1875, p.* 135.

The payment of costs by a county does not entitle it to the fine or forfeiture. The payment by Benton county was voluntary. She perhaps looked to *Secs.* 2015–16–17, *Gantt's Dig.*, and *Ouachita County v. Sanders,* 10 *Ark.*, 467, made under former statutes. But the Code of Practice and the amendment of 1871 modified the sections above referred to and Sec. 5, Act Feb. 25, 1875, p. 169, explicitly declares that *the county where the conviction is had shall pay the costs. Bradley Co. v. Bond,* 37 *Ark.* 226.

*L. H. McGill* for appellee.

Under the *Revised Statutes Ch.* 45, *Sec.* 203 &c.; *Gantt's Dig.*, *Secs.* 2014–16, and the decisions therein, *Pulaski Co. v. Irwin,* 4 *Ark.*, 473 ; *County of Ouachita v. Sanders,* 10 *Id.*, 467, where the venue in a criminal case was changed, the county in which the crime was committed or indictment found was liable for the costs, and hence entitled to the fine or forfeiture.

Reviews and comments upon *Acts* 1874–5, *p.* 169 ; *Sec* 286 *Cr. Code as amended; Acts* 1871, *p.* 259 ; *Rev. St. Ch.* 45, *Sec.* 203 ; *Gantt's Dig.*, 1974 ; *Acts* 1868, *p.* 230–1, *Sec.* 1 ; *Sec.* 2831, *Gantt's Dig.*, &c. &c., and contends that the legislature, by the Act of 1875, intended to return to the old policy as declared in *Pulaski Co. v. Irwin, and Ouachita Co. v. Saunders, supra.* See *Independence Co. v. Dunkin,* 40 *Ark.* 329 ; *Bradley Co. v. Bond,* 40 *Ark.*, 227 . *Finley v. Erwin, N. C. Law Repository,* 105.

The words, " where the conviction is had," evidently refer to prosecutions before justices and other inferior courts where there can be no change of venue to another county.

Washington County v. State, use Benton County.

The evident policy was to restore to counties the revenue which, for a while, under the Act of 1871, had been diverted.

SMITH, J.   One Harrell was indicted by the Grand Jury of Benton County for an offence committed in that county. On his application the venue was changed to Washington county ; and at the time of making such application he entered into a recognizance in the sum of $1,000, for his appearance in Washington Circuit Court.   He afterwards made default, his recognizance was declared forfeited and his surety paid the amount in Washington county warrants to the sheriff of Washington county, who paid the same over, less his commission and the fees of the prosecuting attorney, to the Treasurer of Washington county.

1. FINES AND FORFEITURES: Which county entitled to on change of venue.

Three other persons were also indicted in Benton county and likewise took a change of venue to Washington, where they were tried, convicted and fines imposed to the amount of $450.

These fines were collected in Washington county warrants and ultimately found their way into the Washington county treasury.   Benton county paid the costs of the prosecution in Harrell's case, and in the other cases the costs were paid by the defendants themselves.

This action was begun in the Washington County Court, in the name of the State for the use of Benton county, to recover these several sums in Washington county warrants. That court dismissed the complaint upon demurrer.   But upon appeal to the Circuit Court the demurrer was overruled, the cause tried upon an agreed statement of facts, the law declared to be in favor of the plaintiff, and judgment entered accordingly.   Motions in arrest of judgment and for a new trial were denied.

From the year 1838 down to 1871, the law of this State was that all fines imposed on convictions for crimes or mis-

demeanors, as also all fines in any other case should, unless otherwise expressly appropriated, be paid into the county treasury of the county in which the indictment was found or fine imposed. *Gould's Dig., Chap. 52, Sec. 218.* The latter clause of this section (where fine imposed) referred to fines imposed by inferior courts, where no change of venue to another county was permitted. The former clause (where indictment found) referred to prosecutions in the Circuit Court, where the venue might be changed. And the whole section meant that fines were to be paid into the treasury of that county where the offense occurred.

Forfeitures also constituted a part of the county revenue, *Lawson v. Pulaski County*, 3 *Ark.*, 1; *Christian v. Ashley County*; 24 *Id.*, 142.

On the 23d of March, 1871, the legislature passed an Act, diverting the revenue accruing from fines, penalties and forfeitures to the general school fund of the State. *Gantt's Dig. Sec.* 5289. But on the 14th of December, 1875, the former policy of the State was restored and an Act passed requiring all fines and forfeitures when imposed, (not where imposed, as counsel on both sides have quoted it) to be paid into the county treasury for county purposes. And the question is, into the treasury of which county is such revenue to be paid, where the prosecution has originated in one county, and has afterwards been transferred to another?

The legislature of 1875 undoubtedly intended to return to the old, settled policy, which prevailed before the era of reconstruction, of giving this branch of revenue to the counties to enable them to defray the expenses of those prosecutions to which they were made liable. Hence, the county which would have been chargeable with the costs, in case of an acquittal, or in certain cases of conviction, is entitled to the fines on conviction or to the benefit of the forfeiture, if the defendant fails to appear. And that is the county where the

offence was committed and in which the prosecution was begun. *Independence County v. Dunkin*, 40 *Ark.*, 329 and cases cited.

The same conclusion was reached by the Supreme Court of North Carolina, from a process of reasoning and construction in *Finley v. Erwin, Carolina Law Repository*, 105, where the State had apparently no previous established policy on the subject. See also *County of Rock Island v. Mercer County*, 24 *Ill.*, 35.

Judgment affirmed.