THE STATE OF IOWA V. WILL OWENS, AND M. EVANS, Defendants. J. L. PERRY, Appellant.

**Cash Bail Deposited by Stranger:** IS TO BE DEALT WITH AS THE PROPERTY OF DEFENDANT. Where, pursuant to Code, section 5524, *et seq.*, permitting defendant to make a deposit of money in lieu of bail, and regulating its disposition, a third person furnishes the money, he will be deemed to have done so in compliance with the statute, which contemplates that the deposit shall be made by the defendant; and hence the money thereafter can be returned only to defendant, to whom alone the statute provides it shall be paid, and may therefore be applied, as authorized by section 5524, to pay a fine imposed on him, refunding to him the surplus, if any.

*Appeal from Hardin District Court.*—HON. J. R. WHIT-AKER, Judge.

WEDNESDAY, DECEMBER 19, 1900.

THIS is an appeal from a ruling on the application of one J. L. Perry, asking that the sum of $300 in money, deposited as bail for the appearance of M. Evans to answer two indictments found against him by the grand jury of Hardin county, be returned. Application denied.— *Affirmed.*

*Bryson & Bryson* for appellant.

*Milton Remley,* Attorney General, *Chas. A. Van Vleck,* Assistant Attorney General, and *E. H. Lundy,* County Attorney, for the State.

DEEMER, J.—A preliminary information was filed before a justice of the peace of Hardin county, accusing defendants, Owens and Evans, of the crime of keeping a gambling house. They appeared to that information, and, waiving examination, were held to answer to the grand jury, their bail being fixed at $300 each. The justice thereupon made this record on his docket: "Now, on this day, July 1, 1898, the defendants deposited a check for $600 made by J. L. Perry upon the Exchange Bank, Parkersburg, Iowa, payable to John C. Crockett, clerk of the district court, or bearer, in lieu of bail bond, and they were released. C. Burling, J. P." The check referred to in this entry was indorsed, "J. C. Crockett, Clerk," and bore the "Paid" stamp of the bank on which it was issued, dated "July 2, 1892." The sheriff made the following receipt, under date of July 1, 1898: "Received of J. L. Perry check on the State Exchange Bank of Parkersburg, to be used, if honored by drawee, as and in lieu of bail of Will Owens and M. Evans for their appearance to the next term of the district court of Hardin county, Iowa. A. W. Mitterer, Sheriff, by Lem Harris, Deputy." Thereafter the grand jury returned two indictments against defendant M. Evans alone, on each of which bail was fixed at $600. Thereafter defendant Evans filed an application for reduction of bail, and in this application stated that, if bail was reduced, "the money in the hands of J. C. Crockett, belonging to J. L. Perry, will be deposited with the clerk in lieu of bail." Perry also filed a written statement of consent, providing, in substance, that the said sum of $600 alleged to belong to him, then in the hands of the clerk, might be held in lieu of bail, provided the said sum was accepted in full of bail

in both cases.   This motion was submitted to court, and
an order made reducing the bail, and providing that: "The
said defendant may be released from confinement by deposit-
ing with the clerk the sum of $300 in cash in said cases
($600 in the aggregate); such sum to be received and held
by the clerk in lieu of bail bond, as provided by chapter
39, tit. 25, of the Code.   Dated September 27, 1898."   On
January 19, 1899, defendant Evans pleaded guilty to the
crime charged in one of the indictments, and judgment was
rendered that he pay a fine and costs; and on the same day
the defendant filed an application asking the court to require
the clerk to apply so much of the $300 deposited as cash
bail as might be necessary to satisfy the judgment rendered
against him.   The county attorney made a like motion on
the same day, and produced a certificate from the clerk
showing that there was in his possession $300 in cash, de-
posited in lieu of bail.   In the meantime, however, and on
January 10, 1899, Perry filed a motion for the release of
the cash bail which he claimed to have deposited, on the
ground that he had surrendered the defendant to the sheriff,
who then held him (defendant) in his custody.   Attached
to this motion was a certificate from the sheriff stating that
Perry had presented a copy of his consent to the taking of
the money in lieu of the bail, and a copy of the order of the
court directing the clerk to accept the deposit in lieu of
bond; that Perry had demanded that he (the sheriff) hold
defendant Evans in his custody, and that the said $300 in
cash be surrendered to him.   He also certified that he had
Evans in his custody in the jail of Hardin county on
another charge, and that he would retain him, on the request
and direction of Perry after the expiration of the time of
commitment, on the warrant under which he then held him,
if so ordered by the court.   To this certificate was attached
a notice from Perry to the sheriff, under date of January
10th, to the effect that he had surrendered Evans to him
(the sheriff).   Attached to this notice was the consent of

Perry made to the court on the application for reduction of bail, and the order of court thereon, to which reference has heretofore been made. In October of the year 1898 the defendant Evans, through his attorney, served notice on the county attorney, to the effect that a notice (sic) was on file, asking for the return of the money deposited, on the ground of the surrender of the defendant as shown by certificate attached thereto. Attached was this certificate: "I, A. W. Mitterer, sheriff of Hardin county, do hereby certify that on this day J. L. Perry, the depositor of money as bail for the defendant M. Evans, in the above-entitled cause, pursuant to section 5530 of the Code of Iowa, brought the defendant M. Evans to me, and surrendered him to me, as sheriff of Hardin county, Iowa, and I have received him, and he is now confined in the county jail. Eldora, Iowa, October 25, 1898. A. W. Mitterer, Sheriff Hardin County, Iowa." A hearing was had on the motion filed by the county attorney to apply the money deposited to the payment of fine and costs, and on the application of Perry for the return of the money to him; and the court sustained the motion of the county, and overruled the one made by Perry. Perry excepted, and the appeal is from these rulings.

Some evidence was introduced in support of and in resistance to these motions. This evidence discloses the fact that the clerk held the money in his possession at the time of trial; that he was unable to say just where he obtained it, but that it was deposited in lieu of bail for the appearance of defendant; and that the fine and costs imposed on defendant Evans had not been paid. It also appears that Perry was solicited to furnish bail for defendants at the time the preliminary information was filed, and that he furnished the check for $600, whereby the money was obtained, and that his check was accepted in lieu of bail. It also appears that defendant had done nothing towards surrendering himself to the sheriff, but that he was at the time of the hearing in the custody of the sheriff, under a

warrant of commitment issued in another case; and the sheriff says "that he would continue to hold him by reason of the attempted surrender made by Perry."

Turning now to the law, we find that, in the absence of statute, money cannot be taken in lieu of bail. *Buller v. Foster,* 14 Ala., 323; *City of Columbus v. Dunnick,* 41 Ohio St., 602; *State v. Lazarre,* 12 La. Ann., 166; *U. S. v. Faw,* 1 Cranch (C. C. 486, Fed. Cas. No. 15,078); *Dean v. Com.,* 1 Bush, 20; *Smart v. Cason,* 50 Ill., 195.   Our statute provides that "the defendant may at any time, * * * instead of giving bail, deposit with the clerk * * * the sum mentioned in the order" (admitting him to bail).   It further provides that "when money has been deposited by the defendant * * * the clerk under the direction of the court shall apply the money in satisfaction of so much of the judgment as requires the payment of money."   There are also provisions for the substitution of money in place of bail, and for the substitution of bail in place of money.   See Code, sections 5524-5527, inclusive. There are also provisions for the surrender of the defendant by the bail, and when money has been deposited the defendant may surrender himself and secure a return of the deposit.   Code, sections 5528-5530, inclusive.   It will be observed that there are no provisions for the deposit of money by any person other than the defendant himself— no right of surrender except by the bail or the defendant himself, and, when a deposit of money is made, no right of return except to the defendant.   The thought that a third person may furnish the money that defendant is authorized to deposit, and afterwards surrender the defendant and secure a return of the deposit, is distinctly negatived.   Bail is expressly defined in the Code, and the form thereof given.   Deposit of money by a third person is not authorized.   Code, sections 5500-5512, inclusive.   The sheriff was not authorized to accept money for the appearance of the defendant.   *State v. Farrell,* 83 Iowa, 661.   And

neither the justice nor the clerk was authorized to accept money belonging to another in lieu of bail. The receipt executed by the sheriff, hitherto set out, was therefore of no validity. Recognizing these principles of law, about which there can be no dispute, the court, in its order reducing the bail of defendant, directed that defendant be released by depositing $300 in cash, * * * said sum to be received and held by the clerk in lieu of a bail bond," as provided in the chapter of the Code containing the sections to which we have referred, regarding the deposit of money instead of bail. Perry was a party to the motion asking for the reduction of bail, and stating that the money would be deposited in lieu of bail. He filed a written request and consent thereto. Pursuant to the order made thereon, the clerk entered the following on the appearance docket:

"September 28, 1898. $300. July, 1898, $600 deposited in lieu of bail for appearance of Will Owens and M. Evans for action of the grand jury, August, 1898, term. John C. Crockett, Clerk."

"September 28, 1898, $300 deposited in lieu of bond for the appearance at the October, 1898, term of the district court of M. Evans, as given in the indictment on W. V. Evans, as appears in motion and order, to answer to the indictment in this cause. J. C. Crockett, Clerk."

The last entry evidently refers to the order of the court. Now, while Perry may have owned the check that was deposited with the justice, and may have owned the money that was collected thereon by the clerk, still we think, in view of the order made by the court on the application for reduction of bail, and the facts subsequently appearing, it must be held that, when left with the clerk in fulfillment of the order entered by the court, it should be treated as belonging to the defendant Evans. When Perry deposited the money, he must be presumed to have had knowledge of the provisions of the statute quoted, and of the order made by the court, and the deposit must have been made or assented to

in compliance with the statute and the orders of court, and the deposit must have been held in strict compliance therewith. As said in *People v. Laidlaw,* 102 N. Y., 588 (7 N. E. Rep. 910) : "The statutes must have been framed as they are for the very purpose of avoiding a dispute like that which has arisen in this case. If the contention of the relator be upheld, then disputes may frequently arise as to whose money was deposited, and the county treasurer can never know with certainty to whom the money is to be returned, and the court cannot know, in passing sentence or in making its order, whether the money is properly applicable upon the fine imposed. It is therefore wiser that the provisions of the statutes should have their obvious meaning, to-wit, the money is deposited as the money of the defendant, and, if a fine is inflicted upon him, it may be used to pay the fine, and the surplus is to be returned to him. When any party other than the defendant makes the deposit for him, it is a deposit in compliance with the statute, and the money is thus devoted to the purpose of the statute, and to the use of the defendant. The certificate which was issued to the plaintiff in this case certifies that the money was deposited for the defendant. It must therefore be treated as if it were furnished to the defendant, and the deposit had been made by him. So far as the relator is deprived of his money, it is by his voluntary act and implied asent." In allowing the money to be retained and held by the clerk in the manner he did, Perry must be held to have assented to the provisions of the statute, and of the order made by the court. In so assenting, the money became the property of the defendant Evans, and Evans became the debtor of Perry to the amount of the deposit. *Lyon v. Wilder* (Super. N. Y.) 1 N. Y. Supp. 421. The transaction was in effect a loan by Perry to Evans of the amount of the deposit.

There is no claim that defendant surrendered himself to the sheriff, and he is not asking a return of the money, but is content to have it applied in satisfaction of the

judgment rendered against him. But it is argued that Perry surrendered the defendant to the sheriff, and is there-·fore entitled to a return of the money. He was not, as we have seen, bail for the appearance of the defendant. True, the money was deposited in lieu of bail, but Perry could not so deposit it. To be released from his obligation as bail, a surety must follow the exact provisions of the statute. *State v. Tieman,* 39 Iowa, 474; *State v. Kraner,* 50 Iowa, 582. Under these statutes the bail must deliver a certified copy of the undertaking to the officer. He must also surrender the defendant in exoneration of bail; and the court, upon the undertaking and certificate of the officer, may, in term time, and after notice to the county attorney, order the bail to be exonerated. There was no undertaking of bail given by Perry; hence he had none to deliver to the officer, and none from which to be exonerated. He had furnished defendant with money to be used instead of bail, but he had not entered into the undertaking described by statute; hence there was nothing from which he could be exonerated, under the statute. What he sought was a return of his money, but there is no statute authorizing it, and there was no way in which he could secure a release of the money, except by inducing the defendant to surrender himself, secure a return of the money, and deliver it to him (Perry) in satisfaction of the obligation incurred when the money was deposited. For the purposes of the case, we think it should be held, as a matter of law, that the money, when received by the clerk pursuant to the order made by the court, belonged to the defendant Evans, and that the court properly directed the clerk to apply a sufficient amount thereof to satisfy the judgment entered against the defendant.

The case of *Arquette v. Supervisors,* 75 Iowa, 192, relied on by appellant, in no manner conflicts with the conclusions here announced. That case came to us on certified questions from the trial judge, none of which involved the

points here decided. Some of the language used in that opinion tends to indicate that a third person may deposit money in lieu of bail, and have the same returned to him when a forfeiture is set aside, which is, no doubt, true, if there be no attempt to apply it in satisfaction of the judgment; but the real point decided in no manner conflicts with our conclusions in this case. As the money must be held to belong to defendant Evans, Perry had no right thereto, even if Evans be now in custody, by reason of Perry's attempt to surrender him to the officer. A surrender, to be availing, must be in strict conformity with the statute. As defendant did not surrender himself, the court was right in overruling Perry's application. As further supporting our conclusions, see *Hermann v. Aaronson*, 8 Abb. Prac. (N. S.) 155. There is no error, and the judgment and orders are AFFIRMED.