## DAVID PALAKIKO *v.* COUNTY OF MAUI.

Appeal from District Magistrate of Wailuku.

Submitted September 23, 1915.          Decided September 27, 1915.

Robertson, C.J., Watson and Quarles, JJ.

Bail and Recognizance—*cash deposit.*
    An accused, lawfully arrested and charged with the commission of a criminal offense, who voluntarily deposits a sum of money in lieu of bail and thereby procures his discharge cannot, after the deposit has been forfeited and paid into the county treasury, recover the same back.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff commenced this action in the district court of Wailuku to recover from the defendant county $30 deposited as cash bail in a criminal case and which was forfeited and paid into the county treasury. The case was submitted on a stipulation of facts wherein it appears that the plaintiff, who is an unmarried man, and a certain married woman were lawfully arrested by the deputy sheriff of Hana on the 22d day of March, 1915, upon the charge of adultery, whereupon the plaintiff inquired the amount of bail desired, and, upon being told by the deputy sheriff that it was $30, voluntarily deposited that amount of cash with the officer; that on the following day a proper and lawful complaint duly sworn to was filed charging the plaintiff and said married woman with adultery, a warrant of lawful arrest was issued against the plaintiff and a formal and legal charge of such offense was preferred and entered on the record of the district court for the district of Hana against the plaintiff and said married woman. The plaintiff failed to appear and an order was made forfeiting the cash bail deposited, and the same was by the district magistrate of Hana paid into the treasury of the defendant county. In this action the district magistrate of Wailuku gave judgment in favor of the defendant, from which judgment the plaintiff has appealed to this court on

the question of law whether it is lawful to admit to bail persons accused of crime by accepting a cash deposit of money in lieu of bail.

It is argued on behalf of the plaintiff that there being no statute authorizing the acceptance of a cash deposit in lieu of bail that it was unlawful for the deputy sheriff to accept such cash bail; that the defendant acquired no title to it; and that the plaintiff may recover the same from the defendant county. In support of plaintiff's contention we are cited to 3 Am. & Eng. Enc. L. 682, and authorities cited in notes; and to 3 R. C. L. 28, and authorities there cited, as well as other authorities. The authorities hold that it is not lawful for an officer, in the absence of statutory authority, to accept a cash deposit in lieu of bail, and this ruling we regard as correct. The important question here is, can the plaintiff, if in *pari delicto,* recover the money back after he has procured his release from custody by reason of such deposit. He made the deposit voluntarily, and not under duress as alleged in the complaint, as appears from the stipulated facts. He was released from custody and received a benefit from the transaction which he now claims to be unlawful. He had the option of giving bail with surety, as provided in our statutes, or of remaining in custody. By agreement between himself and the officer, in lieu of giving a bail bond he made the deposit of cash and we see no element of duress in this case. The arrest was lawful, as shown by the agreed facts, and the only point upon which he now seeks a recovery of the money deposited by him and which was covered into the county treasury, is that there is no statute in this jurisdiction authorizing a cash bail or a deposit of money in lieu of bail. We have carefully examined the authorities cited in the notes to the texts above referred to and find that nearly all, if not all, of them are easily distinguished from the case at bar, while some of them announce what we consider a correct rule, namely, that where an accused has been lawfully arrested and procures his unlawful discharge by voluntarily making a deposit

of cash in lieu of bail, without statutory authority, his release is unlawful, and he, being in *pari delicto,* cannot recover the same after it has been covered into the treasury.

We will briefly review the authorities relied on to support the plaintiff's contention. In *Snyder* v. *Gross,* 69 Neb. 340, it was held that where the wife of an accused deposited with the justice of the peace cash in lieu of bail to procure his enlargement, there being no statute to authorize such deposit, out of which deposit a small fine assessed against the accused was paid, a portion of the deposit paid a third party on the order of the accused, and the balance paid by the justice of the peace to the accused, his sureties were not liable to the wife of the accused in an action by her on the official bond of the justice of the peace, but that the justice was liable. In *Butler* v. *Foster,* 14 Ala. 323, the circuit judge made an order that the accused, one McAllister, be enlarged until his trial upon his depositing with the clerk of the court $500 in money and giving his recognizance, without surety, in the sum of $1000. It was held that the order was void as to the deposit, as the circuit judge could not delegate his authority to accept bail; that the clerk and sureties on his official bond were not liable either to the state or county for the deposit and that the clerk accepted the money as bailee of the accused who could recover it from the clerk. In *Eagan* v. *Stevens,* 39 Hun 311, it was held that where the recorder took money deposited in lieu of bail, without authority of law, he was liable to the accused for the money. In *Reinhard* v. *City,* 49 Ohio St. 257, it was held that where an accused was arrested before any warrant issued against him, and was required to deposit money with the officer to secure his appearance before the mayor the following morning, it was incumbent on the city, in an action by the accused to recover the amount of the deposit, to prove that the arrest was lawful. In *City of Columbus* v. *Dunnick,* 41 Ohio St. 602, S. was in custody, her bail fixed at $75; she deposited in lieu thereof cash and failed to appear, whereupon the deposit was by order forfeited, and was, less the cost,

covered into the treasury. A creditor of S. sued her and garnisheed the city. It was held that the mayor was not authorized to accept money in lieu of bail; that the city having received the money at the request of S. and disbursed it in due course, was not her debtor and was not liable for the deposit. In *United States* v. *Faw*, Fed. Cas. No. 15,078 (1 Cranch C. C. 486), the defendant, a justice of the peace, was indicted for taking personal recognizance of one charged with a felony and releasing him on such recognizance, and it was held that he had no authority to enlarge an accused charged with a felony on bail and had no authority to accept a cash deposit for such purpose. In *State ex rel Grass* v. *White*, 40 Wash. 560, 2 L. R. A. N. S. 563, it was held that a justice of the peace who had arrested a fugitive from justice wholly without legal warrant could not legally demand from him a bail bond or a cash deposit of bail. In *Applegate* v. *Young*, 62 Kans. 100, a justice of the peace, without authority, received cash in lieu of bail, did not pay the money into the treasury, but retained it, and there was no order forfeiting the deposit. In an action by the accused against the justice of the peace it was held that the justice was liable. In *State* v. *Mitchell*, 151 N. C. 716, it is said: "The law contemplates that a defendant may give security for his appearance, and it would be singular indeed if he was denied the right to deposit the requisite cash as security for his appearance. The court could not compel the defendant to deposit cash or to give security of any kind. He had the privilege to go to prison if he preferred. Having tendered the cash, and it having been accepted by the court as security for his appearance, it would be extraordinary if the defendant, still a fugitive from justice, could have it returned to him, upon the theory that the court erred in accepting it." In *McNamara* v. *Wallace*, 89 N. Y. Suppl. 591, it was held that where a police justice without jurisdiction accepted cash bail from a witness, his act was void and he was personally liable to the witness for such deposit, placing the decision on the ground of public policy. In *State* v. *Owens*, 112 Iowa 403, and in

*State* v. *Anderson,* 119 Iowa 711, it was held that a statute authorizing a defendant to deposit cash in lieu of bail. did not authorize a third party to make such deposit on behalf of the defendant; that the defendant was not entitled to a discharge upon a deposit being made by a third party, and in case the deposit was returned to the depositor neither the state nor the county could recover it. In *State* v. *Farrell,* 83 Iowa 661, a sheriff received a sum of money to deposit with the clerk in lieu of bail and failed to do so and it was held that neither the state. nor the county could recover the same from the sheriff. The Iowa cases were decided under statutes whose provisions have not been enacted into law in this jurisdiction, hence these decisions are not applicable here. In *County of Rock Island* v. *County of Mercer,* 24 Ill. 35, it was held that money deposited with a sheriff as security for the appearance of the prisoner who makes default was to be treated as if it had been recovered on a recognizance. The decision in *Brasfield* v. *Milan,* 127 Tenn. 561, 44 L. R. A. N. S. 1150, supports the contention of the plaintiff. In *Smart* v. *Cason,* 50 Ill. 195, it was held that an accused who secured his discharge by depositing cash with the sheriff could not recover back the money deposited, he being in *pari delicto.* This ruling was followed in the case of *Cooper* v. *Rivers,* 95 Miss. 423 (48 So. 1024), and is followed in some of the cases hereinbefore cited.

The principle was recognized in the case of *Goo Yee* v. *Rosenberg,* 21 Haw. 513, that in case of an illegal transaction, where the parties are in *pari delicto,* courts will not aid one party in recovering from the other, although in that case the plaintiff, having been misled into believing that the transaction was lawful, was regarded as less guilty than the defendant and permitted to recover money paid under an illegal contract.

In the case at bar we consider that the plaintiff, so far as the illegality of the transaction complained of by him. is concerned, stands in *pari delicto*—equally guilty with the officer accepting the cash deposited in lieu of bail—and under the author-

ities quoted is not entitled to recover the money from the defendant under the facts and circumstances of this case.

In a very short brief filed on behalf of the defendant by the deputy attorney general the contention of the plaintiff seems to be virtually conceded. We think that counsel for the respective parties have entirely overlooked the controlling principle in this case, and upon which we have decided it. The question before us, irrespective of the form in which it is presented by the certificate of appeal, is as to the correctness of the judgment. We are of the opinion that the judgment appealed from is correct.

The judgment is affirmed with costs to the defendant appellee.

*E. R. Bevins* for plaintiff.

*L. P. Scott, Deputy Attorney General,* for defendant.