Gates v. Brooks.

## GATES v. BROOKS ET. AL.

1. **Practice in Supreme Court**: ABSTRACT DEEMED CORRECT. Where appellee does not present any additional abstract amending the abstract of appellant, this court must accept the abstract of appellant as correct, and what appears on the face thereof to be true.

2. ————: BILLS OF EXCEPTIONS NOT SIGNED AND FILED IN TIME. Where the appellant's abstract fails to show that the bill of exceptions was signed and filed during the term, or that the time to do so was by consent extended beyond the term, such bill will be stricken out in this court on ·motion, especially when appellant's counsel appear to have been served with notice of the motion, but take no notice of it in argument.

3. ————: PASSING ON CONSTITUTIONALITY OF A STATUTE. When the appellant for the first time in his argument in reply contends that a statute is unconstitutional, the argument comes too late to be considered by this court. Appellee should have had an opportunity to answer the argument. It is only after the fullest argument, and the most mature consideration, that this court will pass upon so important a question.

4. ————: QUESTION NOT RAISED BELOW: COSTS. A party aggrieved by the taxation of costs should move in the court below to have the same re-taxed. When appellant failed to make such motion, or, if he did make it, failed to assign error to the ruling thereon, he cannot be heard in regard thereto in this court.

### ON REHEARING.

5. **Constitutional Law**: STATUTE HELD CONSTITUTIONAL. In determining the constitutionality of a statute, even a reasonable doubt must be solved in favor of the legislative action, and the act sustained; and section 2 of chapter 8 of the laws of 1874, which provides a summary process for determining and locating the true boundary line between land owners, without any issue made in court, or trial by jury, *held* not in conflict with section 9, article 1 of the constitution, which provides that the right of trial by jury shall remain inviolate, and that no person shall be deprived of life, liberty or property, without due process of law.

*Appeal from Clarke District Court.*

WEDNESDAY, OCTOBER 18.

THIS is a proceeding under section two of chapter eight of the laws of 1874, to establish certain courses and boundary lines of lands of the respective parties. Commissioners were

appointed and a survey was made which established certain courses and boundaries. The commissioners made their report to the court. The defendants filed objections thereto. The objections were overruled and the report was affirmed, and the costs were adjudged against the defendants. Defendants appeal.

*James Rice & McIntire Bros.*, for appellants.

*John Chaney*, for appellee.

ROTHROCK, J.—I. The appellees upon the submission of this cause filed a motion to affirm the judgment of the court below, upon the ground that appellants did not except to the ruling of the court in affirming the report of the commissioners, at the time the same was made, nor for some time after the adjournment of court. The motion refers to page 15 of the abstract. The point in the motion cannot be sustained. It does not appear from the abstract that the exception was taken out of time. On the contrary the exception is noted at the conclusion of the order and judgment for costs, as though taken at the time. Appellee does not present any additional abstract amending the abstract of appellant, and we must therefore accept the latter as correct.

II. The motion also asks that the bill of exceptions which contains all of the evidence be stricken out, because it was not signed by the trial judge, nor filed, until nearly one month after the adjournment of the court, and without any time having been given beyond that fixed by law for settling and filing bills of exception.

This part of the motion is well taken. The appellant's abstract shows that the final order was made in the case on the —day of May 1879, and that the bill of exceptions was presented to the District Court June 26, 1879. It nowhere appears that the bill was signed and filed during the term, nor that the time to do so was by consent extended beyond the

term.   The motion appears to have been served upon coun-
sel for appellants, and no resistance is made thereto, and no
notice thereof is taken in the argument in reply.    Under
these circumstances, we must sustain the motion to strike the
bill of exceptions.   *Lynch v. Kennedy*, 42 Iowa, 220; *Gibbs
v. Buckingham*, 48 Id., 96.

III.   The appellants for the first time, in their argument
in reply, raise the question as to the constitutionality of the
3. ——: pas-   statute under which this proceeding was had.  If
sing on con-
stitutionality   it was desired that so important a question should
of statute.      be passed upon by this court, it should have been
presented in such way that an opportunity would have been
allowed counsel for appellee under the rules to answer the
argument.    It is only after the fullest argument, and the
most mature consideration, that this court will pass upon so
important a question.

IV.   The bill of exceptions having been stricken from the
record, there is no question presented in the argument of
appellants, upon the merits of the case, which we can consider.

A question is made in argument as to the costs.    The
statute expressly requires "the expenses and costs of the sur-
4. ——: ques-  veys and suit shall be apportioned among all the
tion not
raised below.  parties according to their respective interests."
Acts of 1874, chapter 8, § 4.

The court taxed all the costs to the defendants.    The stat-
ute requires that any party aggrieved by the taxation of a
bill of costs may upon application have the same retaxed.
Code § 2944.   It does not appear that such application has
been made.    But whether made or not we cannot consider
the question upon this appeal, as error has not been assigned
in the matter of awarding costs.

AFFIRMED.

### ON REHEARING

IN the petition for a rehearing, our attention is called to
the fact that what we took to be a reply by appellant to the

appellee's argument is not such, but an additional argument, and filed within such time that the question raised therein in respect to the constitutionality of the law under which the proceedings were instituted, must be determined.

The statute in question provides in substance that, where the owners of land cannot agree with the owner of adjacent land, in regard to the boundary line between the tracts, he may cause a notice to be served upon the owner of the adjacent land, that on a day named he will apply to the District Court for the appointment of a commission of one or more surveyors to survey and establish the boundary line. The statute also provides that, on the day named, if a proper petition and proof of due notice have been filed in the District Court, the court shall appoint a commission of one or more surveyors who shall survey the boundary line, and make a report of their doings, accompanied by a plat and notes of the survey.

*5. CONSTITUTIONAL law: statute held constitutional.*

The statute also provides that the commission may take evidence, and incorporate the same with their survey; and that upon the filing of the report any person adversely interested may enter objections to it, and the court shall hear and determine the same, and shall approve or reject the report, or modify it, as it shall see fit, and enter judgment accordingly. § 2 chapter 8 laws of 1874.

The proceeding contemplated is a summary proceeding designed to determine and locate the true boundary line between land owners, without any issue made in court, or trial by jury.

The defendants contend that the statute is in conflict with section 9, article 1 of the constitution, which provides that the right of trial by jury shall remain inviolate, and that "no person shall be deprived of life, liberty, or property, without due process of law." The defendants insist that they have been deprived of their property without due process of law.

To determine this question, we have to consider what is

the precise nature of the defendant's claim. The line in dispute is the section line between sections 15 and 22, township 71, north of range 24, west. The plaintiff is the owner of the northwest ¼ of section 22, and the defendants are the owners of the southwest ¼ of the southwest ¼ of section 15, which lies north of, and adjacent to, the plaintiff's land. The plaintiff never denied that the defendants are entitled to the land called for by their deed. There is no question of title between the parties in any proper sense. A controversy arises only when the parties attempt to apply their respective deeds to the face of the earth. The question is one of location. All the claim which defendants make to the land in controversy, so far as this proceeding is concerned, is conditional. They claim the land in controversy if it is within section 15. We find, it is true, some intimation that they claim it absolutely by adverse possession. But with such claim we have nothing to do in this proceeding. Such a claim, if it is valid, is independent of the true location of the section line. We have to do with nothing except the conditional claim, which is dependent wholly upon the true location of the section line.

Where parties make a conditional claim against each other of this kind, and proceedings are instituted under the statute to determine the fact upon which the respective claims are conditioned, we are not prepared to say that the unsuccessful party is deprived of property within the meaning of the constitution. The question to say the least admits of great doubt. Now it is an elementary principle, in determining the constitutionality of a statute, that even a "reasonable doubt must be solved in favor of the legislative action, and the act sustained." Cooley on Const. Lim., 182 and cases cited. Such being our view of the nature of the defendant's claim, we cannot properly hold the statute unconstitutional.

This is the only question presented in the petition for rehearing, and we have to say that the former opinion is ad hered to and the judgment affirmed.