WRIGHT & TAYLOR, Appellee, v. M. P. DOUGHERTY, ET AL., Appellants.

STEUBEN COUNTY WINE Co., Appellee, v. M. P. DOUGHERTY; ET AL., Appellants.

**Garnishment:** FUNDS DEPOSITED IN LIEU OF BAIL. Money furnished by a third person and deposited with the clerk of courts in lieu of bail, to secure the release from custody of one charged with crime, is not to be treated as a loan; and while it is available to pay any fine and costs that may be assessed against defendant, it is not the property of defendant in the sense that it is subject to garnishment at the suit of his creditors.

*Appeals from Superior Court of Oelwein.*— HON. E. L. ELLIOTT, Judge.

FRIDAY, APRIL 10, 1908.

THESE cases are substantially alike in their facts, and they have been submitted together, to be disposed of in one opinion.  The facts will be stated in the opinion.  In each case John Harrington intervened, and on his death, pending the trial, James Harrington, executor of his estate, was substituted.  In each case there was judgment in the court below in favor of the plaintiff, and therefrom the defendant and intervener appealed.— *Reversed.*

*Loren Risk, E. J. O'Connor, M. J. Wade* and *Jay Cook,* for appellants.

*Guy W. Backus,* for appellee Wright & Taylor.

*G. H. Phillips, Ainsworth & Estey,* and *D. W. Clements,* for appellee Steuben County Wine Company.

BISHOP, J.— The material facts are not in dispute. The defendant Dougherty having been indicted by the grand jury of Fayette county and held to bail in the sum of $1,000, there was deposited with J. W. Winston, clerk of the district court, in lieu of a bail bond, the sum of $1,000 in cash. The respective plaintiffs in these actions are judgment creditors of said Dougherty, and on executions issued they caused Winston to be garnished.  Upon being called to answer Winston thus deposed: " I have in my possession $1,000 cash, appearance bond in case of *State of Iowa v. M. P. Dougherty."*  John Harrington appeared in the garnishment proceedings and filed a pleading setting up the fact of the indictment of Dougherty and the order for bail in the sum of $1,000.  The pleading then continues: " That on December 2, 1904, the said John Harrington put into the hands of C. L. Culver, sheriff of said county, $1,000 as bail for said Dougherty, by whom the said money was turned over to said Winston, clerk; and that the same is now, and has at all times been, the sole property of said Harrington, the said Dougherty having no right of ownership therein."  It

is then alleged that the indictment proceedings against Dougherty have been dismissed, and the prayer is that the money so in the hands of the district court clerk be ordered turned over to said Harrington. Dougherty also filed a pleading in which he disclaimed ownership of said money, and declared that the deposit thereof by Harrington was the act of a friend, without intention of making a loan thereof to him (Dougherty), or otherwise parting with title to the money. As against these pleadings the respective plaintiffs interposed demurrers, and in each case the same was sustained; and, defendant and intervener Harrington electing to stand on their pleadings, judgment was entered in each case in favor of the plaintiff therein.

The field of inquiry is limited, and the precise question would seem to be fairly stated thus: Where money is deposited with the clerk of the court by a friendly third person, the object being simply to secure the release from custody of a defendant held to answer to an indictment, does such money become the property of the indictment defendant from the time of the deposit to the extent and in the sense that the same becomes subject to seizure in satisfaction of the demands of his judgment creditors? In support of the judgments entered below, counsel for the appellees insist that the question should have an affirmative answer — not, as we understand, because of any rule existing at the common law, but in virtue of the provisions of the statute of this State governing the subject of the deposit of money in lieu of bail. The provisions of the statute upon which reliance is placed are as follows: "The defendant, at any time after an order admitting him to bail, instead of giving bail, may deposit with the clerk of the district court . . . the sum mentioned in the order," etc.; and "when money has been deposited by the defendant . . . the clerk . . . shall apply the money in satisfaction of the judgment . . . and shall refund the surplus, if any, to him," etc. Code, sections 5524–5527. As giving construc-

tion to the statute, counsel cite to us the cases of *State v. Owens,* 112 Iowa, 403, and *State v. Anderson,* 119 Iowa, 711. The argument as based upon the statute and cases cited is: No one but a defendant under indictment can deposit money in lieu of bail. Accordingly, where one supplies a defendant with money for the purposes of deposit, or, pursuant to an understanding with such defendant, deposits money for him to stand in lieu of bail, the transaction must be regarded as a loan of the money. The title passes, and the depositor takes position as an ordinary creditor of the defendant. This view involves a misconception of the statute and the cases. In providing that a defendant may obtain his release from custody by a deposit of money, it was not intended to prescribe that only money, the legal and equitable title to which is in such defendant, should or shall be available for the purpose. Nor was it intended to overturn any of the established rules of property. True, under the statute, the money is to be deposited in the name of the defendant, and perhaps in a sense the legal title thereto is to be regarded as in him. But the money in the hands of the clerk is no more than a deposit, and this is only in favor of the State, the other party to the transaction; and the interest of the State does not extend to the actual ownership of the money. It goes no farther than that the defendant shall appear when called for trial, and that the deposit shall be available out of which to pay any fine or costs that may be assessed against him. This the depositor must be held to have agreed to. The statute goes no farther, and the cases cited go no farther. As between the depositor and the defendant, or his creditors, the ordinary rules of property obtain. It is well settled that a levy of attachment is of force only to the extent of the real interest of the debtor in the property siezed, either under levy or garnishment. If the equitable estate is in another, it will prevail. *Welton v. Tizzard,* 15 Iowa, 495; *Rea v. Wilson,* 112 Iowa, 519; *Bank v. Crahan,* 135 Iowa, 230.

It follows that in sustaining the demurrers in the respective cases the trial court erred. The judgments appealed from are accordingly reversed, and the cases ordered remanded for further proceedings not inconsistent with this opinion.— *Reversed.*