ELIAS DOTY, Appellant, v. C. W. BRASKA, VINCE G. SHUMACK, EARL GRANGER, O. F. LAMB, B. F. MENTZER, GEO. W. TOMS.

**Bail:** DEPOSIT OF MONEY: OWNERSHIP. Money deposited as bail for another, after satisfying the State's claim, is the property of the party depositing the same and is not the subject of assignment by the one bailed.

*Appeal from Linn District Court.*— HON. F. O. ELLISON, Judge.

THURSDAY, MAY 7, 1908.

ACTION by plaintiff as the assignee of one Bentel to recover from defendant Braska money deposited with the latter as clerk of the district court by way of bail for O. D. Doty, plaintiff's minor son, held to appear before the district court on the charge of a felony. O. D. Doty having been sentenced to pay a fine of $25 and costs, which were fully paid and discharged, assigned his interest in the bail money deposited on his behalf by Bentel to S. K. Tracy, to whom it was paid. A demurrer to plaintiff's petition was sustained, and judgment rendered against him on refusal to further plead, and he appeals.— *Reversed.*

*Elias Doty, pro se.*

*Barnes & Chamberlain* and *S. K. Tracy,* for appellees.

McCLAIN, J.— The question concisely presented to us in the record is whether money deposited for defendant in a criminal case by way of bail becomes conclusively and for all purposes the defendant's money, or whether after the satisfaction of all claims of the State against the defendant such bail money or the surplus remaining after satisfying the State's claims is still the property of the person by whom it was deposited. This question has been answered in the case of *Wright & Taylor v. Dougherty,* 138 Iowa, 195. In that case we held that under Code, sections 5524–5527, relating to bail, another person than the defendant might make the cash deposit authorized by statute to be made by the defendant by way of bail, and that after the claims of the State had been fully satisfied the money remaining in the hands of the clerk belonged to the person making the deposit, and could not be seized by the creditors of the defendant in whose behalf the deposit was made. The principle recognized in that case is directly applicable here. Bentel de-

posited $250 as bail for O. D. Doty, plaintiff's minor son, who was held under arrest charged with a felony, and defendant Braska, as clerk of the court, recognized the deposit as made by Bentel in behalf of O. D. Doty by giving a receipt therefor as follows: "Received of Fred Bentel two hundred and fifty dollars deposited for the appearance of the defendant in the case wherein the State of Iowa, plaintiff, and O. D. Doty, defendant, in district court." Thereafter O. D. Doty assigned to S. K. Tracy his interest in such cash deposit, and Bentel assigned to plaintiff his interest therein and the sole question is whether O. D. Doty's assignment to Tracy authorized the payment by the clerk to Tracy of Bentel's money. It is clear that as the clerk knew and recognized the money paid as belonging to Bentel and deposited simply for O. D. Doty's benefit to secure his release from imprisonment he had no right to turn the money over to O. D. Doty's assignee when the purposes for which the deposit had been made were satisfied. He was bound to hold the money for Bentel, and plaintiff as Bentel's assignee is entitled to recover it.

The ruling of the court sustaining defendant's demurrer to plaintiff's petition was erroneous, and the judgment based on such ruling is *reversed.*