STATE OF IOWA, Appellee, v. GEORGE HART, Appellee, et al., Appellant.

No. 39781.

NOVEMBER 21, 1929.

*Kass, Zink & Kass*, for appellant.

*John Fletcher*, Attorney-general, and *George W. Sturges*, County Attorney, for State of Iowa, appellee.

FAVILLE, J.—I. One George Hart was indicted in Plymouth County. His appearance bond was fixed at the sum of $2,500. The appellant is the father of the said George, and offered to  execute an appearance bond for the said George. The clerk of the court objected to accepting the appellant as surety on said appearance bond. Finally an arrangement was made among all of the parties whereby the appellant turned over to the clerk a certificate of deposit in the said sum of $2,500, said certificate being issued by the First National Bank of Le Mars, and made payable to the appellant, who duly indorsed the same and delivered it to the clerk as a cash bail. The clerk informed the appellant that he would hold the same as though the said George had deposited the money as a cash bond, and that, unless objection was made to the said certificate of deposit by state checkers, he would allow it to remain in that form, in order that the appellant might get the benefit of the interest which would accrue thereon. At the end of a six months' period, the interest which had accrued on the certificate of deposit was credited to the appellant at the said bank, and a new certificate of deposit in the said sum of $2,500 was issued, and delivered to the clerk. This certificate was made payable to the appellant or said clerk. Later on, the clerk indorsed said certificate of deposit and received the money thereon. The defendant in said criminal action in due time appeared for trial in said action, and was convicted of the crime with which he was charged, and sentenced to the penitentiary, and judgment was entered against the said defendant in said criminal action for the costs of said action. The court made the further order that:

"The clerk of said court is hereby directed to apply the bail money deposited by defendant in satisfaction of the costs of this action, and to refund the surplus to defendant's bondsman, John R. Hart, to whom defendant states it belongs."

Thereupon the clerk deducted the sum of $367.20 costs, and delivered the balance of said $2,500 to the appellant. This action involves solely the question of the right of the retention of the said sum in satisfaction of said judgment for costs against the defendant in the criminal action.

Section 13627, Code, 1927, is as follows:

"The defendant, at any time after an order admitting him to bail, instead of giving bail, may deposit with the clerk of the district court to which the undertaking is required to be sent, the sum mentioned in the order, and, upon delivering to the officer in whose custody he is, a certificate under seal from said clerk of the deposit, he must be discharged from custody."

Section 13630 of the Code is as follows:

"When money has been deposited by the defendant, if it remain on deposit at the time of a judgment against him, the clerk, under the direction of the court, shall apply the money in satisfaction of so much of the judgment as requires the payment of money, and shall refund the surplus, if any, to him, unless an appeal be taken to the Supreme Court, and bail put in, in which case the deposit shall be returned to the defendant."

It is argued that the delivery of the certificate of deposit to the clerk was not a deposit of "money," and therefore does not come within the terms and provisions of the statute. There is no question but that the appellant had deposited the money represented by the certificate of deposit in the bank at Le Mars. The certificate of deposit was duly indorsed by appellant to the clerk of the court. The clerk could have drawn the actual money on said certificate of deposit when it was delivered to him by the appellant. No other person could have drawn it. For the accommodation of the appellant in the matter of securing interest, the clerk agreed with the appellant to let the money remain in said bank under said certificate of deposit, in lieu of presenting the certificate of deposit at the time and withdrawing the cash thereon. All the parties treated the transaction with the same force and effect as though the appellant had brought the actual cash to the clerk and deposited it with him as bail. The indorsed certificate of deposit gave the clerk the power to immediately withdraw the actual cash from the bank and to hold the same as a deposit of money. Under all of the facts and circumstances, we do not think that it can now be urged by the appellant that he did not deposit the "sum" of $2,500 as cash bail for the defendant George. Under certain circumstances, a certificate of deposit or a check is, in the eyes of the law, the equivalent of money. See *State v. McFetridge*, 84 Wis. 473 (54

N. W. 1) ; *Allibone v. Ames,* 9 S. D. 74 (68 N. W. 165) ; *Montgomery County v. Cochran,* 57 C. C. A. 261 (121 Fed. 17). All the parties treated the certificate of deposit in the instant case as money.

II. The appellant contends that the amount so deposited by him is not, in any event, subject to the judgment rendered against the defendant in the criminal action for the costs of said action. Section 13630, supra, expressly provides  that, when money has been deposited by a defendant as cash bail, the clerk, under the direction of the court, shall apply the money in satisfaction of so much of the judgment as requires the payment of money. The argument at this point is, however, that the cash bail was not "money" deposited by the *defendant* in the criminal case, and that the ownership of the money was in the appellant, and not in said defendant, and that, therefore, the money is not subject to the payment of the judgment for costs rendered against the defendant in the criminal case. The identical question was before us in *State v. Owens,* 112 Iowa 403. The statute at that time was identical with the present statute. In said case we said:

"It will be observed that there are no provisions for the deposit of money by any person other than the defendant himself—no right of surrender except by the bail or the defendant himself, and, when a deposit of money is made, no right of return, except to the defendant. The thought that a third person may furnish the money that defendant is authorized to deposit, and afterwards surrender the defendant and secure a return of the deposit, is distinctly negatived. Bail is expressly defined in the Code, and the form thereof given. Deposit of money by a third person is not authorized."

In said action we quoted with approval the following from *People ex rel. Gilbert v. Laidlaw,* 102 N. Y. 588 (7 N. E. 910), where the court considered a similar statute:

" 'When any party other than the defendant makes the deposit for him, it is a deposit in compliance with the statute, and the money is thus devoted to the purpose of the statute, and to the use of the defendant.' "

We said:

"For the purposes of the case, we think it should be held, as a matter of law, that the money, when received by the clerk pursuant to the order made by the court, belonged to the defendant Evans, and that the court properly directed the clerk to apply a sufficient amount thereof to satisfy the judgment entered against the defendant."

In *Wright & Taylor v. Dougherty,* 138 Iowa 195, we held that, although the title to the money deposited by a friendly third person as cash bail did not become the property of the defendant in the criminal action in the sense that it was subject to the demands of his judgment creditors, we did recognize the rule that the money in the hands of the clerk was a deposit in favor of the State, and under the statute, that such a deposit shall be available to pay any fine or costs that may be assessed against the defendant. We said: "This the depositor must be held to have agreed to." See, also, *Doty v. Braska,* 138 Iowa 396.

The case is ruled by our former decisions, and the order and judgment appealed from are—*Affirmed.*

ALBERT, C. J., and EVANS, DE GRAFF, and KINDIG, JJ., concur.