STATE of Iowa, Appellee,

v.

Craig SCHULTZ, Appellant.

No. 59022.

Supreme Court of Iowa.

Sept. 22, 1976.

William L. Wegman, of Wegman & Holschlag, New Hampton, for appellant.

Richard C. Turner, Atty. Gen., and Michael E. Sheehy, County Atty., for appellee.

REYNOLDSON, Justice.

Defendant pled guilty and was sentenced to imprisonment for the crime of receiving stolen property, a violation of § 712.1, The Code. He now asserts (1) his plea was involuntary, and (2) the court erred in ordering court costs paid out of the cash bail furnished by his parents. In affirming, we treat these issues in the divisions which follow.

I. The record reveals defendant was in possession of two stolen vehicles. He was driving one and towing another.

In the plea-hearing colloquy between the court and defendant, the latter asserted his plea was voluntary and his "own decision". He was asked to tell what happened on the day of the crime. Defendant readily conceded he knew the cars were stolen when they came into his possession. He was reluctant to say where he got them, making responses, "Well, I can't say. I got to wor-ry about a living", and "I can't say because —Well, I am afraid of this—".

His counsel then volunteered,

"Your honor, what Mr. Schultz has told me privately and what he just said to the court * * * is that he is afraid to divulge to the court how he received these vehicles for fear of bodily injury from the source of the vehicles."

Trial court, obviously recognizing defendant's alleged reluctance to "snitch" on another offender, noted on the record the charge against defendant was not stealing the vehicles, and avoided further inquiry into this facet of the case.

Defendant now asserts the court should have probed further into his alleged fears to insure his plea was not based on some outside influence or inducement.

Of course the voluntary nature of the plea must be determined on the record by trial court. *Brainard v. State,* 222 N.W.2d 711, 718 (Iowa 1974); *State v. Sisco,* 169 N.W.2d 542, 549 (Iowa 1970). But an accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unable or unwilling to admit or disclose his participation in the acts constituting the crime. *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970); *State v. Townsend,* 238 N.W.2d 351, 355 (Iowa 1976).

Here defendant readily volunteered he performed all the acts constituting the crime charged. He only asserted fear of retaliation in detailing acts outside the scope of the court's necessary inquiry. That the alleged fear went to that aspect of the case and did not influence his guilty plea was confirmed by his lawyer's recital of defendant's communications to him, detailed above. Later in the plea hearing the same lawyer recommended to the court that defendant's plea be accepted. On this record we will not conclude defendant's competent counsel recommended to the court that it accept a guilty plea motivated by defendant's fear for his personal safety.

The transcript discloses defendant's plea was voluntary and motivated by a plea bargain which involved dropping charges both in Iowa and elsewhere. This bargain was spread of record and honored by trial court.

We find defendant's guilty plea was voluntarily entered.

II. The judgment and sentence entered by district court on December 31, 1975, provided,

"The bond previously posted in this matter shall be continued until such time as the defendant surrenders on January 2, 1976. If he does so, the Clerk shall then deduct the court costs assessed herein and return the balance to Mr. Leroy Schultz, defendant's father."

From transcript references to money furnished by defendant's parents we conclude they provided the deposit in lieu of bail. See Chapter 765, The Code. The State does not deny this fact.

■ Defendant asserts trial court had no right to apply his father's money to payment of court costs assessed against him. Upon examination of our statutes and interpretive decisions, we disagree.

The statutes comprising Chapter 765, The Code, have been a part of our law from the beginning. See Chapter 196, The Code, 1851. Section 765.1, The Code, provides, "the defendant, * * * instead of giving bail, may deposit with the clerk of the district court * * * the sum mentioned in the order, and, * * * he must be discharged from custody." Section 765.4 relevantly states, "When money has been deposited by the defendant, if it remain on deposit at the time of a judgment against him, the clerk, under the direction of the court, shall apply the money in satisfaction of so much of the judgment as requires the payment of money, and shall refund the surplus * * *."

In one of the first instances involving cash bail provided for a defendant by another, this court reasoned these statutes did not authorize a deposit of money by a third person. Therefore, the deposit would be treated as the defendant's property and was properly subjected to the statutory deduction for fine and costs. *State v. Owens,* 112 Iowa 403, 84 N.W. 529 (1900).

Later decisions recognized the superior right of a third party cash bond depositor to the fund as against defendant's garnishing creditors, *Simmons v. Beeson,* 201 Iowa 144, 206 N.W. 667 (1926); *Wright & Taylor v. Dougherty,* 138 Iowa 195, 115 N.W. 908 (1908), and against the defendant's assignee, *Doty v. Braska,* 138 Iowa 396, 116 N.W. 141 (1908). In *Schmidt v. Uhlenhopp,* 258 Iowa 771, 777, 140 N.W.2d 118, 122 (1966) we held a deposit of cash in lieu of bail by defendant's mother did not negative his inability to employ and pay counsel.

In none of these opinions, however, did the court retreat from the *Owens* interpretation that cash bail advanced by another was subject to the statutory deduction for fine and costs. Section 765.4, The Code; see *State v. Friend,* 212 Iowa 136, 140, 236 N.W. 20, 22 (1931). In *State v. Hart,* 209 Iowa 119, 227 N.W. 650 (1929) this court, following *Owens,* approved a similar district court direction to pay costs out of the cash bail deposit made by a third party. See 8 C.J.S. Bail, § 53, p. 154–163; Note, 11 Iowa L.Rev. 372 (1926).

■ III. Defendant's reply brief for the first time asserts payment of court costs by application of cash bail furnished by a third party constitutes taking property without due process and violates the equal protection clauses of the United States and Iowa Constitutions.

Defendant was required to set out in his first appellant's brief all the issues to be presented for review. See *State v. Masters,* 171 N.W.2d 255, 257 (Iowa 1969), cert. denied, 397 U.S. 1052, 90 S.Ct. 1391, 25 L.Ed.2d 667 (1970). What this court held in *Gates v. Brooks,* 59 Iowa 510, 512, 6 N.W. 595, 595–596 (1882) is still applicable:

"The appellants for the first time, in their argument in reply, raise the question as to the constitutionality of the statute under which this proceeding was had. If it was desired that so important a question should be passed upon by this

court, it should have been presented in such a way that an opportunity would have been allowed counsel for appellee, under the rules, to answer the argument. It is only after the fullest argument, and the most mature consideration, that this court will pass upon so important a question."

Thus we do not reach for consideration the constitutional issues defendant belatedly advances.

The judgment and sentence below is affirmed.

AFFIRMED.

MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ., concur.

RAWLINGS, MASON and McCORMICK, JJ., dissent.

RAWLINGS, Justice (dissenting in part).

I am unable to agree with the reasoning and result reached in Division II of the majority opinion. Briefly stated I would overrule *State v. Owens,* 112 Iowa 403, 84 N.W. 529 (1900) and its progeny.

Upon this basis I dissent in part.

MASON and McCORMICK, JJ., join this dissent.