STATE of Iowa, Plaintiff-Appellee,

v.

Glen Arlin SIMPSON,
Defendant-Appellant.

Glen Arlin SIMPSON,
Petitioner-Appellant,

v.

STATE of Iowa, Respondent-Appellee.

No. 69363.

Court of Appeals of Iowa.

April 24, 1984.

Charles L. Harrington, Chief Appellate Defender, Des Moines, for the defendant-petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for plaintiff-respondent-appellee.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

SCHLEGEL, Judge.

Defendant, Glen Simpson, was arrested for operating a motor vehicle while intoxicated (OWI), third offense, Iowa Code section 321.281(2)(c), and for operating a motor vehicle while his license was revoked for failure to post proof of financial responsibility, a violation of Iowa Code section 321A.32.

In an effort to avoid the penalty for a third offense of OWI, Simpson entered a negotiated plea to the other charge and was sentenced to serve one year in the county jail. Pursuant to the plea bargain, the OWI charge was dismissed.

Simpson alleged on direct appeal, in his motion to stay further proceedings on appeal, that his conduct had not constituted the crime for which he was convicted, which was operating a motor vehicle while his license was revoked for failure to post proof of financial responsibility. Although Simpson admitted that his license had been revoked for failure to post proof of financial responsibility, he asserted in his motion that he had posted proof a few days before the arrest and, the day before the arrest, he had received a lift notice advising him that proof of financial responsibility had been posted. The lift notice stated that Simpson was required to pass required examinations, pay reinstatement fees, and pay the regular fee for a new license. His trial attorney advised him that he was still technically guilty because he also had to apply for a driver's license, pay the reinstatement costs, pay the licensing fee, and pass the driver's exam before the suspension was lifted under the statute. He had not done these things at the time of his arrest the following day. He asserts on appeal that the suspension under that section had been lifted because he had posted proof of financial responsibility, and contends that his trial attorney, therefore, rendered ineffective assistance by permitting him to plead guilty to a crime he had not committed.

While this direct appeal was pending, Simpson filed an application for postconviction relief raising the issue of ineffective assistance. The direct appeal was stayed, pursuant to the above-described motion, pending the trial court's resolution of the postconviction proceeding. The trial court denied postconviction relief. The trial court stated that even assuming Simpson had pleaded guilty to a charge for which he was not technically guilty, he still had not demonstrated that his trial attorney had rendered ineffective assistance. The court noted that the trial attorney had secured a highly favorable plea bargain by obtaining the dismissal of the more serious OWI charge. The trial court also noted that a defendant can enter a valid guilty plea without acknowledging guilt pursuant to

*North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and found that Simpson had entered a valid *Alford* plea. Finally, the trial court noted that Simpson had failed to challenge the acceptance of his plea by filing a motion in arrest of judgment.

Simpson appealed from the denial of postconviction relief. This appeal was consolidated with the earlier direct appeal which had been stayed pending the postconviction ruling. We affirm.

Simpson claims his counsel was inadequate because counsel incorrectly told him he was guilty of violating section 321A.32. Simpson argues he actually was not guilty of violating that section, and because of counsel's incorrect advice, he pleaded guilty to a crime which he didn't commit.

■ Ineffective assistance of counsel would be a violation of a basic constitutional safeguard. Consequently, we make our own evaluation of the claim under the totality of the circumstances. *State v. Lemburg*, 257 N.W.2d 39, 46 (Iowa 1977). In reviewing an attorney's performance, the defendant has the burden of proof to establish by a preponderance of the evidence a claim of ineffective assistance of counsel. We presume counsel was competent. When the claim is premised on failure of counsel to take some action, the defendant must show that counsel failed to perform an essential duty and that prejudice resulted. *Henderson v. Scurr*, 313 N.W.2d 522, 524 (Iowa 1981). Defendant has the burden of proving prejudice by showing that ineffectiveness of counsel resulted in actual and substantial disadvantage to the course of his defense. *State v. Miles*, 344 N.W.2d 231, 234 (Iowa 1984) (*citing with approval Washington v. Strickland*, 693 F.2d 1243, 1262 (5th Cir.1982)). Defendant must:

> ... demonstrate that the error created not only "a *possibility* of prejudice, but that [it] worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (emphasis in original). Preju-

dice thus cannot be found unless the error constitutes a denial of the accused's due process right to a fair trial, a fundamental miscarriage of justice or an equivalent constitutional deprivation.

*State v. Miles,* 344 N.W.2d at 234 (quoting *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816, 832 (1982)).

Both parties vigorously contest the issue of whether or not Simpson's actions constitute a violation of Iowa Code section 321A.32. We need not decide that issue. We do not find that any error committed by Simpson's counsel, if such error existed, worked to Simpson's substantial disadvantage. By agreeing to plead guilty to violating section 321A.32, Simpson was able to have the charge against him for third offense OWI dismissed. Third offense OWI is a class "D" felony which carries a maximum penalty of five years' incarceration and up to a one thousand dollar fine. Iowa Code §§ 321.281(2)(c), 902.9(4) (1981). Violation of section 321A.32 may be punished by "imprisonment not to exceed one year, or a fine not to exceed one thousand dollars, or both." Iowa Code § 903.1(2) (1981). Simpson's counsel felt that Simpson would be convicted of the OWI charge if he were to stand trial for it. By pleading guilty to the serious misdemeanor of section 321A.32, Simpson received a one-year jail sentence and was given credit for six months which he already had served.

Effective assistance of counsel does not mean successful assistance. Miscalculated trial tactics, mistake, carelessness, or inexperience do not necessarily amount to ineffective counsel. *Parsons v. Brewer,* 202 N.W.2d 49, 54 (Iowa 1972). If Simpson's counsel made a mistake in believing that Simpson was guilty of violating section 321A.32, which we decline to decide, that mistake did not work to Simpson's disadvantage, but rather to his advantage. Simpson argues that he could not have voluntarily, knowingly, or understandingly consented to plead guilty to violating section 321A.32, *see State v. Schultz,* 245 N.W.2d 316, 317 (Iowa 1976), because his

counsel misinformed him that he was in violation of the section and, relying on this misinformation, Simpson mistakenly believed he was guilty. However, Simpson did not accept the plea because he believed he was guilty of both crimes and wanted to be convicted of only one, but rather because he wanted to avoid the harsh sentence concomitant to third offense OWI. In an ineffective assistance of counsel claim, the defendant must show that counsel's advice resulted in actual prejudice, not advantage.

Accordingly, Simpson has failed to establish that he was rendered ineffective assistance of counsel and may not now challenge his guilty plea; his failure to file a motion in arrest of judgment binds him to the plea.

AFFIRMED.