**IN THE COURT OF APPEALS OF IOWA**

No. 14-1851
Filed December 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PATRICK JOHN LETSCHER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Winnebago County, Gregg R. Rosenbladt, Judge.


        Patrick Letscher appeals from the sentence imposed upon his plea of guilty to theft in the first degree. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Patrick Letscher appeals from the sentence imposed upon his plea of guilty to theft in the first degree, in violation of Iowa Code sections 714.1(4) and 714.2(1) (2013). He contends the district court abused its discretion in employing a fixed sentencing policy. He also asserts the court entered an illegal sentence in ordering his pretrial appearance bond to be forfeited. We affirm.

On August 29, 2013, a criminal complaint was filed accusing Letscher of first-degree theft, in violation of Iowa Code sections 714.1(4) and 714.2(1). That same date, the district court entered an initial appearance order, which specified as the sole condition of release that bail "is set at $2000.00 cash."

On August 30, Letscher posted a $2000 cash bond to secure his pretrial release in the instant case. He signed the bond form, which states in part: "I authorize the Clerk of Court to use this bail bond to pay all fines, surcharges, costs and victim restitution that I may be ordered to pay by the Court in the final judgment of this matter or any other criminal judgment(s) against me in Winnebago County."

On September 17, the State filed a trial information formally charging Letscher with theft in the first degree (exercising control over stolen property), a class "C" felony, and criminal mischief in the second degree, a class "D" felony. The district court approved the trial information and ordered that the "bond previously set shall continue." State was also allowed to amend the trial information to allege Letscher was a habitual offender. Angela DiMarco, with whom Letscher lived, was charged with the same offenses as Letscher.

Letscher and the State reached a plea agreement whereby Letscher would plead guilty to first-degree theft without the habitual offender enhancement and the State would dismiss the criminal mischief charge, a separate misdemeanor criminal mischief charge, and dismiss all charges against DiMarco. The agreement also provided that the State would recommend the court follow whatever sentencing recommendation was made by the presentence investigation (PSI) report; the court was not bound by the recommendations.

Letscher entered his guilty plea on August 19, 2014. The PSI report noted Letscher's substance abuse and criminal history, and summarized:

> Department risk assessments indicate the defendant is at high risk to reoffend. The defendant acknowledged said charge occurred one year ago on 08/28/2013. He was on probation for Possession of a Controlled Substance, 3rd or Subsequent Offense (FECR010269). His probation was revoked and he was sentenced to prison. The defendant was released to Iowa Parole on 07/11/2014. The defendant verbalized little remorse for his crime. He stated, "A guy wanted me to move a truck. He set me up with the cops. I was in possession of a stolen truck. I pled guilty to the 1st Degree Theft." The defendant was under the influence of methamphetamine. This criminal belief system underlies most, if not all, of the defendant's unlawful behavior.
> It is hoped the defendant can benefit from the structure and treatment, especially that which is designed to address criminal thinking and substance abuse, provided in the penal system. If successful, he has shown sporadic ability to maintain work and law-abiding behavior. In light of the above and in the interest of community safety, it appears placement in the state prison system is the appropriate course of action at this time.
> It is respectfully recommended the defendant be sentenced to ten years in the custody of the Director of the Department of Corrections and be assessed a monetary fine.

At the October 14 sentencing hearing, the State recommended the imposition of a sentence of incarceration based upon the PSI recommendation.

Letscher asked for a suspended sentence. His counsel explained,

> The unique history of this case, Your Honor, is that this offense was committed over a year ago, in August, at a time that the defendant had a pending possession of a controlled substance charge in Hancock County. After this offense was committed, the defendant was sentenced to prison on that Hancock County case. He served his period of incarceration in the Iowa Department of Correctional Services from Oakdale to the Fort Dodge Correctional Facility. He was discharged from prison to Beje Clark on April 2nd of 2014.
>
> While at Beje Clark the defendant worked through employment, worked through the steps at Beje Clark, attended Prairie Ridge regularly, was successfully discharged from Prairie Ridge in July, continued with Prair—I'm sorry, was successfully discharged from Beje Clark in July, successfully continued with his treatment at Prairie Ridge with ongoing substance abuse treatment services. The defendant's employment history is noted on around page 4. Currently the defendant is employed . . . .

Counsel argued probation was appropriate because Letscher had successfully completed substance abuse treatment, was working full time, and was actively supporting his two and DiMarco's three children. Counsel stated, "He's already on parole, he's already under the supervision of a parole officer. The parole officer has reduced his status to low risk, and his parole officer has worked with him a lot longer than the officer that did the PSI."

The court imposed a term of incarceration not to exceed ten years. It also ordered Letscher to pay restitution in the amount of $398.74, court costs, and $240 in legal fees. The court called for Letscher's appearance bond to be "forfeited and applied to [his] obligations in this and other criminal matters in Winnebago County." Letscher appeals.

Letscher first claims the district court followed a fixed policy of rejecting a suspended sentence where a defendant has a prior criminal history. A fixed policy is one that creates a rule based upon one factor to the exclusion of other

relevant factors. *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979); *State v. Kelley*, 357 N.W.2d 638, 639 (Iowa Ct. App. 1984). Application of a fixed policy is impermissible. *Hildebrand*, 280 N.W.2d at 396.

We are not convinced the court applied a fixed policy in sentencing Letscher. The court acknowledged that Letscher had "a number of things going now on parole which are positive. I mean, I've heard positive things today about the employment, family circumstances, and apparently you are making good progress in the substance abuse arena." However, the court noted,

> [W]e've got those three factors to consider for sentencing and those are just clear as a bell in the Iowa law, your rehabilitation is just one of them. If that's the only thing I had to look at, you know, you've got some good things going for you here, and I certainly give you credit for what you've done lately after you've been released from prison again earlier in 2014.
> Protection of the community, obviously that's where your criminal history comes in and that's where anybody looking at this would look back and say, wow, you know, there's just a lot of history here that needs to be taken into account, but, again, right now I think maybe you're again a little bit of an upswing after your recent release.
> The big one, though, that—and it's not bigger than the others, but where I really think this case goes one way or the other is deterrence to others. You know, we've got to have a system where people look at this and say, if you commit a felony and you're convicted of it, you've had prior history of felonies, you've been in prison before, all these things done before, just as a measure of accountability and to deter other people from engaging in criminal behavior, the Court needs to step in and sometimes make some hard decisions.
> . . . .
> Again, I acknowledge your allocution and your attorney's arguments. I don't think they're—I think they've got merit. On the other hand, I've got to look at the PSI recommendation and your history and all these other factors.

The sentence was not imposed because of a rule based upon one factor to the exclusion of other relevant factors. We will not disturb the sentence imposed on Letscher by the district court.

Letscher next contends the court imposed an illegal sentence in ordering his bond forfeited and applied to "obligations in this and other criminal matters in Winnebago County," and the remainder returned to him. He cites Iowa Code section 811.8(2), which provides, "Upon the filing of the undertaking and the certificate of the officer, or the certificate of the officer alone if money has been deposited instead of bail, the court or clerk shall immediately order return of the money deposited to the person who deposited the same, or order an exoneration of the surety."

The State argues this issue is not properly before this court: first, because bond is a civil matter, collateral to the sentence itself, *see State v. Marrufo-Gonzalez*, 806 N.W.2d 475, 480 (Iowa Ct. App. 2011) ("The proceedings for forfeiture of bail and judgment are civil actions . . . ."), and second, Letscher did not preserve the issue because he did not challenge the forfeiture order in the district court with a motion to enlarge or amend the judgment, or raise the issue in the "motion for reconsideration" he filed after judgment was entered. However, the order entered was entered in the criminal proceedings and in actuality was not a forfeiture of the bond pursuant to Iowa Code chapter 811. Rather, the court order effectively exonerated the bond, and then applied the cash to Letscher's financial obligations as Letscher agreed to when he posted the bond. The

sentence was not illegal simply based upon the misuse of the term "forfeit" as it relates to bail bonds.[1]

**AFFIRMED.**

Mullins, J., concurs specially; McDonald, J., concurs in part and dissents in part.

---

[1] We do not know if Letscher was informed that he was not required to consent to the application of the bond money to financial obligations. We would suggest the form, if still used, be modified to provide a defendant the option to consent or not to consent to the application of the monies to financial obligations.

**MULLINS, Judge.** (concurring specially)

I concur in the majority opinion, but write separately. I respectfully submit that as the saying goes, "the em*phas*is is on the wrong syl*la*ble." According to the PSI, this is not Letscher's first rodeo. He has a long criminal history, with apparent experience in bond conditions. There is no indication that he objected to or questioned the bond form at the time he signed it, agreeing to its terms. He certainly could have objected and if he were not permitted an opportunity to strike the terms relating to applying the bond to court obligations, he could have requested a review of that "condition of release" (if it were deemed a condition of release). Even after he signed the form, he could have requested a review of his conditions of release to seek to remove that "condition." There is no indication that he did so. There is no record that he complained of the condition during the sentencing phase of the proceedings. He gave the district court no opportunity to ever address any objection he may have had to the bond form.[2]

Having not preserved error at any of the many stages of the proceedings that were available to Letscher, I agree with the majority that the court appropriately exonerated the bond and applied it per the bond form to which he agreed.

---

[2] This clearly appears to be another issue we so often see that was never the subject of an objection or concern by a defendant during the course of the proceedings at the district court level but is raised as an issue on appeal.

**MCDONALD, Judge.** (concurring in part and, dissenting in part)

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The right to pretrial release is protected by the Federal Constitution, *see* U.S. Const. amend. VII, the Iowa Constitution, *see* Iowa Const. art. I, §§ 12, 17, and statute, *see* Iowa Code ch. 811 (2013). In contravention of these rights, the State contends an accused can be denied pretrial release unless the accused agrees to forfeit money "in exchange for his freedom." The State further contends Letscher voluntarily chose to pay for his freedom. The State concludes the forfeiture provision in the sentencing order was therefore lawful. The premises are false, and the conclusion is unsound.

The State cannot condition an accused's right to pretrial release on the accused's consent to forfeit his appearance bond to satisfy any and all criminal judgments against the accused. Chapter 811 governs pretrial release. With certain exceptions not applicable here, "[a]ll defendants are bailable both before and after conviction, by sufficient surety, or subject to release upon condition, or on their own recognizance." Iowa Code § 811.1. *See also* Iowa Const. art. I, § 12. All bailable defendants shall be released on condition or conditions imposed to reasonably assure the "safety of other persons" and "the appearance of the person for trial or deferral of judgment." *Id.* § 811.2(1)(a). The requirement the accused post an appearance bond is an allowable condition of pretrial release. *See* Iowa Code § 811.2(1)(a)(4); *State v. Briggs*, 666 N.W.2d 573, 583 (Iowa 2003) ("Iowa Code section 811.2 permits a district court judge to set cash only bail if such bail will best guarantee the accused's further presence for necessary

judicial proceedings."). While the code does provide for the forfeiture of the accused's appearance bond, bond forfeiture proceedings are civil proceedings that can be initiated only after the accused fails to appear. *See* Iowa Code § 811.6; *State v. Costello*, 489 N.W.2d 735, 738 (Iowa 1992) ("The bail is forfeited when the defendant fails to appear and entry of failure to appear is made of record. It is the failure to appear that triggers the forfeiture."). Bail can be forfeited only "in strict compliance with the statute." *Costello*, 489 N.W.2d at 738. There is nothing in chapter 811 that authorizes the State to condition pretrial release on the accused's consent to forfeit the appearance bond in the absence of the failure to appear. There is nothing in chapter 811 that allows the State to impose a condition designed to facilitate the collection of criminal judgments in the absence of the accused's failure to appear. *See Luster v. Broderick*, 327 N.W.2d 224, 225-26 (Iowa 1982) ("A sentencing court has no authority to impose bond, and incarceration upon failure to post bond, for the apparent purpose of enforcing the collection of a fine. The purpose of an appearance bond is to ensure the appearance of a released defendant as required.").[3]

The State's second premise is also false. The State contends the defendant consented to the forfeiture of his appearance bond. On the day following his initial appearance, the defendant posted cash bail. At the time the defendant posted cash bail, he was presented with a preprinted bond form. The

---

[3] In addition to not being authorized by statute, the requirement that the accused agree to forfeit money to satisfy judgments may increase the negative effects associated with money bail. *See, e.g.*, Alexander Shalom, *Bail Reform as a Mass Incarceration Reduction Technique*, 66 Rutgers L. Rev. 921, 921-25 (2015).

preprinted bond form provided the "arresting officer" was to check the applicable provisions. There was an "x" next to a preprinted paragraph providing the defendant authorized "the Clerk of Court to use this bail bond to pay all fines, surcharges, costs and victim restitution that [he] may be ordered to pay by the Court in the final judgment of this matter or any other criminal judgment(s) against [him] in Winnebago County." Letscher signed the preprinted bond form and was released. It cannot be said Letscher gave consent when his only choice was incarceration or forfeiture. *See State v. Baldon*, 829 N.W.2d 785, 801 (Iowa 2013) ("But gross inequality of bargaining power, together with terms unreasonably favorable to the stronger party, may confirm indications that the transaction involved elements of deception or compulsion, or may show that the weaker party had no meaningful choice, no real alternative, or did not in fact assent or appear to assent to the unfair terms."). Further, it cannot be said the parties contracted for the forfeiture provision. Letscher was entitled to pretrial release, and the State did not provide him with additional consideration for the forfeiture condition. *See id.* at 802 (explaining consent may not be valid "where giving consent does not offer" anything more than that to which the party was "otherwise entitled").

Even if Letscher consented to the forfeiture provision, the consent is immaterial. First, the forfeiture condition in the preprinted bond form was not set by an authorized person. Conditions of bail must be set by the court and not any other person. *See* Iowa Code §§ 804.3 (providing for magistrate to set bail); Iowa Code § 804.21 (allowing for bail upon order of magistrate or judge); Iowa Code § 804.22. In the initial appearance order, the magistrate set bail at $2000

cash only. The magistrate did not impose any additional condition or conditions of pretrial release. More specifically, the magistrate did not order as a condition of release that the defendant's cash bail be forfeited to satisfy the judgment in this case and any other case in Winnebago County. The trial information provided bond shall continue without adding any additional condition or conditions of bail. Prior to the entry of the judgment and sentence, there was no court order providing the defendant's cash bail could or would be forfeited to satisfy his financial obligations in this case and any other criminal case in Winnebago County. The forfeiture condition was added here by the arresting officer or clerk of court. There is no provision of the code authorizing this action.

The defendant's consent, or lack thereof, is immaterial for a second reason. The sole question presented in this appeal is whether the district court had the authority to order forfeiture of the defendant's appearance bond as part of the defendant's sentence.[4] "[J]udges may only impose punishment authorized by the legislature within constitutional constraints." *State v. Louisell*, 865 N.W.2d 590, 597 (Iowa 2015). It is a "well-established principle that sentences imposed without statutory authorization are illegal and void." *Id.* There is no statutory authority authorizing the sentence.

---

[4] The majority misstates the question presented. Paragraph 6 of the Judgment and Sentence provides: "*Appearance bond is forfeited and applied to Defendant's obligations in this and other criminal matters in Winnebago County*. Bond in excess of Defendant's obligations will be returned to the person in whose name it was posted. Remaining obligations shall be paid to the Clerk of Court in full by the date of this order." (Emphasis added.) The majority ignores the question presented and concludes the sentencing court did not order forfeiture of the bond—despite explicit language to the contrary—but "effectively exonerated the bond." The majority then answers in the affirmative the question of whether the district court had authority to exonerate the bond and apply it to Letscher's obligations in any criminal matters in Winnebago County. Rather than answering an immaterial question not raised or briefed, I address the question presented in this record, raised by the defendant, and answered by the State.

The district court's sentencing authority is largely set forth in the Iowa Corrections Code. *See* Iowa Code § 901.1; *State v. Sanchez*, No. 13-1989, 2015 WL 4935530, at *4 (Iowa Ct. App. Aug. 19, 2015) (discussing the generally-applicable sentencing provisions set forth in the Iowa Corrections Code). Chapter 901 sets forth generally-applicable sentencing procedures. Section 901.5 identifies the generally-applicable sentencing options available to the sentencing court. For example, the sentencing court may defer judgment, defer or suspend sentence, or impose sentence. *See* Iowa Code § 901.5(1)-(4). The same section also authorizes other miscellaneous sentencing provisions, including, for example, substance-abuse treatment and DNA profiling. *See Id.* § 901.5(8), (8A). No provision in chapter 901 authorizes the forfeiture of the defendant's appearance bond. Chapter 901A relates to enhanced sentences for sexually-predatory offenses. Chapter 902 relates to sentencing for felony offenses. Chapter 903 relates to sentencing for misdemeanor offenses. Chapters 905 and 906 relate to community-based corrections, paroles, and work-releases, respectively. Chapter 909 relates to the imposition of fines. The final judgment in a criminal case includes fines, surcharges, court costs, and fees. *See* Iowa Code § 909.6. Chapter 909 sets forth various methods by which the defendant can satisfy the judgment in a criminal case, including installment payments and community service. *See id.* §§ 909.3 and 909.3A. Of note, chapter 909 does not authorize the forfeiture of the defendant's appearance bond as a means to satisfy the judgment in a criminal case. Chapter 910 relates to restitution, and chapter 911 relates to surcharges. No provision in these chapters authorizes the forfeiture of the defendant's appearance bond.

Additional sentencing authority relating to discrete sentencing issues can be found in other provisions of the Code. *See Sanchez,* 2015 WL 4935530, at *4 (noting the district court draws sentencing authority from other provisions of the code relating to discrete sentencing issues). For example, chapter 664A provides the district court with the authority to enter sentencing no-contact orders. There is no other provision of the code authorizing the challenged sentence. As set forth above, chapter 811 does not provide for forfeiture of the defendant's appearance bond in the absence of the failure to appear. Nor does chapter 811 provide for forfeiture as a sentencing option.

"The authority of a court to apply cash bail to the payment of court costs or a fine imposed on the accused depends wholly on statute, since the court has no inherent power to do so." *Estate of Lyon ex rel. Lyon v. Heemstra*, No. 08-0934, 2009 WL 1676662, at *2 (Iowa Ct. App. June 17, 2009). In *State v. Schultz*, 245 N.W.2d 316, 318 (Iowa 1976), the supreme court reaffirmed the general rule that cash bail advanced could be applied to judgments, fines, and costs. However, that rule relied on statutory authority authorizing the same:

> When money has been deposited by the defendant, if it remain on deposit at the time of a judgment against him, the clerk, under the direction of the court, shall apply the money in satisfaction of so much of the judgment as requires the payment of money, and shall refund the surplus, if any, to him, unless an appeal be taken to the supreme court, and bail put in, in which case the deposit shall be returned to the defendant.

Iowa Code § 765.4 (1977). The 1978 code revision did away with this statute and with it any authority to apply cash bond to judgments, fines, and costs:

> With the 1978 criminal code revision, the former bail provisions found in chapters 763 through 766, Code of Iowa (1977) were deleted, and chapter 811, Supplement to the Code 1977, now

Code of Iowa (1979), was enacted in its place. While chapter 811 did re-enact in substance some of the sections of the old Code, the provision for deduction of court costs from cash bail, formally contained in § 765.4, Code of Iowa (1977), is noticeably absent in the present Code. In fact, the Sixty-Sixth General Assembly expressly repealed chapter 765, thus clearly evincing its intent to abrogate the effect of chapter 765 as of January 1, 1978. Laws of the 66th G.A., Vol. 2, Ch. 1245, Ch. 4, § 526 (1976).

With the repeal of chapter 765, Code of Iowa (1977), the rule of the line of cases from *State v. Owens*, 112 Iowa 403, 84 N.W. 529 (1900) through *State v. Schultz*, 245 N.W.2d 316 (Iowa 1976) is no longer applicable. This is because the holding of those cases, that fines and court costs can be deducted from a cash bail on deposit with the clerk at time of judgment, was expressly premised on the existence of statutory authority for such a deduction. Section 765.4, Code of Iowa (1977), quoted in *State v. Schultz*, 245 N.W.2d 316, 318 (Iowa 1976). With the repeal of the statute, the rule based thereupon is likewise abrogated.

. . . .

The sole purpose of bail expressed in the 1978 criminal code revision is to "reasonably assure the appearance of the person for trial." Section 811.2(1), Code of Iowa (1979). In the absence of any further statutory grant, the common law provides no authority for deducting payment of fines or court costs from bail posted by the defendant or a third party. Thus, in answer to your questions, court costs cannot be deducted from a cash bond posted by a defendant or a third party, irrespective of whether the costs were incurred at trial or upon appeal.

1979 Op. Iowa Att'y Gen. 121, 1979 WL 20942, at *3. *See Estate of Lyon*, 2009 WL 1676662, at *2.

In sum, there is nothing in the Iowa Corrections Code or any other part of the code authorizing the challenged sentence. It is well established that neither the State nor the defendant can contract for an illegal sentence. *See State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000); *State v. Fix*, 830 N.W.2d 744, 747 (Iowa Ct. App. 2013) (holding "the parties may not rely on a plea agreement to uphold an illegal sentence"). A sentence not permitted by statute is void and not merely voidable. *See State v. Burtlow*, 299 N.W.2d 665, 668 (Iowa 1980). It is

thus immaterial whether the defendant consented to the forfeiture provision in his appearance bond. Accordingly, the sentence must be vacated and this matter remanded for resentencing.

One final matter should be addressed. The State contends the defendant cannot challenge the bond forfeiture provision in his sentence because bond forfeiture is collateral to and not part of the defendant's sentence. The State and the special concurrence also conclude error was not preserved. The contentions are without merit. "In determining whether a provision can be challenged as an illegal sentence, the relevant question is whether the provision was included in the sentencing order. If contained in the sentencing order, it is part of the sentence that may be challenged at any time, whereas those matters that follow the entry of final judgment are collateral and must be separately appealed." *Sanchez*, 2015 WL 4935530, at *5; *see State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002) (distinguishing those situations where the terms and conditions of bail are contained in a judgment and sentence and are therefore subject to challenge on direct appeal from those situations in which the court addresses the issue of bail following the entry of a judgment and sentence and therefore must be separately appealed); *State v. Alspach*, 554 N.W.2d 882, 884 (Iowa 1996) (distinguishing restitution imposed in sentencing orders from later actions to modify a restitution plan, which are "civil in nature and not part of the criminal proceedings"). The bond forfeiture provision was contained in the sentencing order. It is subject to challenge in this direct appeal without regard to whether it was first challenged in the district court. *See State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000) ("An illegal sentence is void and not subject to the usual

concepts of waiver, whether from a failure to seek review or other omissions of error preservation."); *State v. Draper*, 457 N.W.2d 600, 605 (Iowa 1990) (stating an illegal sentence "is a nullity subject to correction, on direct appeal or later").

For the foregoing reasons, I respectfully dissent from the majority's disposition of the defendant's illegal sentence claim. I concur in the majority's opinion regarding the defendant's claim the district court exercised a fixed sentencing policy.