**IN THE COURT OF APPEALS OF IOWA**

No. 19-1024
Filed August 5, 2020

**SHANE JACOBS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Hancock County, James M. Drew,

Judge.


Shane Jacobs appeals the denial of his application for postconviction relief.

**AFFIRMED.**


Benjamin D. Bergmann and Alexander Smith of Parrish Kruidenier Dunn

Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee State.


Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

Shane Jacobs pled guilty to willful injury and domestic abuse assault by impeding air flow. The presentence investigation (PSI) report recommended imposing consecutive sentences and suspending them. But the district court instead followed the State's recommendation and sentenced Jacobs to serve concurrent prison sentences. We affirmed Jacobs's sentence on direct appeal, concluding the district court properly exercised its discretion in imposing it. *See State v. Jacobs*, No. 18-0160, 2019 WL 156638, at \*2-3 (Iowa Ct. App. Jan. 9, 2019). Jacobs now appeals the denial of his application for postconviction relief (PCR), alleging his trial counsel rendered ineffective assistance by failing to prepare him adequately for the sentencing hearing.

We review ineffective-assistance claims de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed on a claim of ineffective assistance of counsel, an applicant must show counsel breached a duty and prejudice resulted. *See id.* at 866. A breach of duty occurs when counsel's performance falls below the standard of a reasonably competent attorney. *See id.* Prejudice occurs when the outcome of the proceeding would have been different had counsel performed effectively.[1] *See id.* We may affirm the denial of a PCR application if either element is lacking. *See id.*

---

[1] Jacobs argues that Iowa courts should adopt a higher standard by presuming prejudice if an applicant establishes a breach of duty. We leave it to the Iowa Supreme Court to resolve that issue should it choose to do so. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Jacobs alleges his trial counsel breached an essential duty by failing to give adequate advice about the PSI interview. Although his attorney's strategy at sentencing was to show that Jacobs accepted responsibility for his actions, counsel approved of Jacobs submitting a written statement to the PSI investigator that Jacobs now claims undermined that strategy. In the statement, Jacobs recounted his version of the events that led to his convictions. Jacobs testified at the PCR hearing that with hindsight, he believes the statement makes him look unremorseful by placing the blame on the complaining witness and not accepting any blame of his own. He notes that at the sentencing hearing, the prosecutor emphasized this view of the statement by arguing that Jacobs used language one could describe as "minimizing, if not outright denial" and "blames this whole incident on the victim." And the sentencing court, after reviewing the PSI report, "was struck to some extent with what [it] would call a lack of willingness to take full responsibility for what happened" as one of several factors it considered in imposing sentence. The court noted that the statement Jacobs gave in allocution "was certainly an improvement" over the statement he gave the PSI investigator, but it reiterated its belief that "to some extent" Jacobs lacked "a sense of responsibility for what happened."

In determining that trial counsel was not ineffective by allowing Jacobs to submit his statement to the PSI investigator, the PCR court noted that "there is a fine line between trying to excuse one's behavior as opposed to trying to explain it." It noted that judges "are independent individuals who may have different opinions regarding the nature of [Jacobs's] statement," and a person could arguably view what the sentencing court saw as failure to accept responsibility as

a mitigating circumstance. The court found that choosing to submit the statement written by Jacobs "was a strategy decision that should not be second-guessed in hindsight."

We concur in the PCR court's assessment. A PCR applicant is more likely to prevail on a claim of ineffective assistance based on counsel's lack of diligence than counsel's exercise of judgment. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003). Usually, tactical decisions are immune from a claim of ineffective assistance of counsel after the fact. *See Osborn v. State*, 573 N.W.2d 917, 924 (Iowa 1998). That is because "mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001). Although "there can be a point when the tactical or strategic decisions made by counsel from a host of competing options fall outside the broad scope of a reasonably competent attorney," *id.*, that is not the case when counsel makes a decision between "equally hazardous options," *State v. Newman*, 326 N.W.2d 788, 795 (Iowa 1982) (stating its refusal "to assume the role of Monday morning quarterback"); *accord Sallis v. Rhoads*, 325 N.W.2d 121, 123 (Iowa 1982) ("We do not make the competency determination on the basis of hindsight."). After all, "[e]ffective assistance of counsel does not mean successful assistance." *State v. Simpson*, 349 N.W.2d 783, 786 (Iowa Ct. App. 1984).

Jacobs has failed to show his trial counsel breached a duty by allowing him to submit his statement to the PSI investigator. We affirm the denial of Jacobs's PCR application.

**AFFIRMED.**